IRA B. TUTHILL, Appellant, *v.* JAMES WILSON, Respondent.

90    423
77 AD⁴456
q 77 AD⁴457

An action upon a covenant in a deed on the part of the grantee by which he assumes an incumbrance cannot be maintained against a third person upon proof outside of the instrument that the grantee was in fact acting as agent and dealing for such a third person.

So also the alleged principal cannot be made liable upon proof *aliunde* for a deficiency arising upon a foreclosure of a mortgage given by the grantee for a portion of the purchase-money.

Plaintiff entered into a contract in writing under seal with one McN., who was described in the instrument as agent of S. for the sale by the former to McN. as such agent of certain lands. McN. and S. transferred their interest in the contract to H., and it was fulfilled by a conveyance to H., who executed to plaintiff his bond and mortgage for a portion of the purchase-money. Plaintiff foreclosed the mortgage without making defendant a party to the foreclosure, and a·personal judgment for a deficiency arising on sale was rendered against S., and a grantee from him who had assumed payment of the mortgage. This action was brought to recover said deficiency on the ground that the vendees and assignees were simply agents of defendant. *Held,* that the action was not maintainable upon the original contract; first, because it was *inter partes* and defendant could not be made liable upon its covenants; second, because it was completely executed and merged in the deed and mode of payment then adopted, and the remedy of plaintiff was confined to and measured by the securities that he took ; and that for the first reason he was not liable under the mortgage.

*It seems,* that where an agent contracts for the purchase of property in his own name without disclosing his principal, and the contract is such as may be enforced against the principal when discovered, the vendor cannot enforce it against both principal and agent, but is put to his election, and having after such discovery brought an action and recovered judgment against the agent, he is estopped from charging the principal.

(Submitted November 16, 1882 ; decided November 28, 1882.)·

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department entered upon an order made February 15, 1882, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*George Miller* for appellant.  A note or obligation will
never be taken as payment of a debt unless it is expressly
agreed to be so taken.  (*Porter* v. *Talcott*, 1 Cow. 358,
383; Dunlap's Paley on Agency, 257, n. 9; *Morgan* v.
*Brelzenburgher*, 3 Md. 350; *Bowers* v. *Bell*, 20 Johns. 338;
*Thomas* v. *Dickenson*, 12 N. Y. 364; *Bennett* v. *Abrams*, 41
Barb. 619; *Murray* v. *Smith*, 1 Duer, 412; *Ely* v. *McNight*,
30 How. 97; *Johnson* v. *Hawthorne*, 2 Keyes, 476.)

*Robert S. Green* for respondent.  If it be admitted that
Horne held the title in trust for Wilson, the latter could not
have maintained an action against the plaintiff on any of the
covenants of plaintiff in the deed. (*Buff. Cath. Ins. Co.* v. *Bit-
ter*, 87 N. Y. 250.) Nor could the plaintiff have maintained an
action against Wilson on the bond given by Horne. (*Briggs*
v. *Partridge*, 64 N. Y. 362; *Brickham* v. *Drake*, 9 M. &
W. 79; *Spencer* v. *Field*, 10 Wend. 88; *Townsend* v. *Hub-
bard*, 4 Hill, 351.) No personal liability for the payment of a
mortgage debt, previously imposed, attaches to one, from the
mere fact of ownership of the equity of redemption. (*Belmont*
v. *Coman*, 22 N. Y. 438; *Trotter* v. *Hughes*, 12 id. 74.)
Horne, by accepting the deed stating his assumption of the
mortgages as part payment, is deemed to have thereby entered
into an express undertaking to pay the mortgages, as effectually
as though the deed had been *inter partes* and executed by both.
(*Belmont* v. *Coman*, 22 N. Y. 438; *Trotter* v. *Hughes*, 12 id.
74.)  His liability arose under the deed, and Wilson cannot be
sued on such assumption in the deed. (*Kiersted* v. *O. and A.
R. R. Co.*, 69 N. Y. 345; *Taft* v. *Brewster*, 9 Johns. 334;
*Stone* v. *Wood*, 7 Cow. 453; *Gayon* v. *Lewis*, 7 Ward, 26;
*Briggs* v. *Partridge*, 64 N. Y. 357; *City of Prov.* v. *Miller*,
11 R. I. 272; *S. C.*, 23 Am. Rep. 453.) Plaintiff, by his deal-
ings, has relieved defendant from liability, if any ever existed.
(*Jones* v. *Ætna Ins. Co.*, 14 Conn. 502.) Plaintiff failed to
establish his third alleged cause of action. (*Coleman* v. *Bank*,
53 N. Y. 388.)

FINCH, J.    The facts underlying the first cause of action stated in the complaint were substantially as follows.    The plaintiff in 1872 was the owner in fee of Robin's island, but the property was subject to two mortgages, one securing a debt of $4,000, and the other of $1,200, each executed to Joseph M. Woodhull.    In the latter part of the year the plaintiff made a contract, in writing and under seal, with William McNish, described on the face of the paper as the agent of John D. Scott, by the terms of which in consideration of $500 then paid, he agreed to sell to McNish as such agent Robin's island for $20,000 to be paid in sixty days; a warranty deed of the property free and clear of all incumbrance then to be delivered.    Two days later McNish and Scott transferred their entire interest in this contract to George E. Horne.    On the 30th of January in the next year the contract was fulfilled in a modified form as to the mode of payment, but by mutual agreement.    The plaintiff executed to Horne a full covenant deed of Robin's island for the expressed consideration of $20,000, but containing the following provision: " Subject to two certain mortgages made by the said Ira B. Tuthill in favor of Joseph M. Woodhull, on one of which there is due the principal sum of $4,000 and on the other there is due the principal sum of $1,200, which said sums of money, amounting in the aggregate to the sum of $5,200 is assumed by the party of the second part, and the same is to be taken and paid by the said party of the second part as a part of the consideration above expressed."    The grantee paid $5,000 in cash, and secured the balance by executing to the plaintiff his bond and mortgage of that date for $9,-800 payable in sixty days, and upon which was indorsed the down payment of $500.    In October, 1873, Horne conveyed the property to Elizabeth M. Moffett, subject to the three existing mortgages, such grantee assuming them all, and agreeing to pay and discharge them as part of the purchase-money.    At this date the plaintiff extended the time of payment of the Horne mortgage by an agreement with Mrs. Moffett, but without the knowledge or consent of Horne. In August, 1875, the plaintiff foreclosed the Horne mortgage by suit.    Horne and

Mrs. Moffett were made parties, but Wilson, the present defendant, was not. Judgment for any deficiency that might arise on the sale was asked against both Horne and Mrs. Moffett, but the former, defending and claiming not to be liable, was released by the plaintiff and judgment for a deficiency taken only against Mrs. Moffett. On the sale the plaintiff became the purchaser for $8,000, taking title expressly subject to the Woodhull mortgages, and entering a judgment against Mrs. Moffett for a deficiency of $4,660.62. Execution was issued upon that judgment and returned unsatisfied, and the plaintiff now sues Wilson for that amount upon the ground that in all these transactions the vendees and assignees were but agents of Wilson, acting in all respects for him and under his direction, he being all the time the real principal and actual owner and purchaser of Robin's island.

But the difficulties in plaintiff's way are insuperable. The first suggested is, that Wilson cannot be made liable upon the assumption clause in Mrs. Moffett's deed, because it is her covenant and not his, and the rule as to an indenture *inter partes* is invoked, that an action upon the covenant can only be maintained against the covenantor, although as matter of fact, outside of the instrument he was acting as agent and dealing for a principal. (*Briggs* v. *Partridge*, 64 N. Y. 357; 21 Am. Rep. 617; *Kiersted* v. *O. & A. R. R. Co.*, 69 N. Y. 345; 25 Am. Rep. 199; *Beckham* v. *Drake*, 9 M. & W. 95.) And it is insisted that Horne and Mrs. Moffett, respectively, by accepting their deeds stating such assumption, thereby entered into an express undertaking to pay the mortgages as effectually as though the deed had been *inter partes*, and executed by both. (*Trotter* v. *Hughes*, 12 N. Y. 74; *Belmont* v. *Coman*, 22 id. 438.) The answer made to this reasoning by the learned counsel for the plaintiff is an explicit statement that the action is not brought upon the covenant of assumption in either deed; that such view of the action was a mistake on the part of the court below, and that the action was "brought against Wilson as the purchaser from the beginning." We are greatly troubled to understand precisely what this contention means. The case

has been submitted upon the printed briefs, and we have no other means of arriving at the thought intended to be conveyed. The idea appears to be that Wilson through the other parties as his agents bought the island and is liable for unpaid purchase-money.

But Wilson cannot be liable upon the original contract of McNish for two reasons. That contract was under seal and *inter partes;* signed and sealed by both vendor and vendee; and Wilson could not be made liable upon its covenants. And besides, it was completely executed, and merged in the deed and mode of payment subsequently adopted, and all its force was spent. It ceased to exist as an executory contract, and neither party had any remaining rights under it. The claim of the vendor for the unpaid purchase-money was confined to and measured by the securities which he took, and his remedy became solely upon them. If, therefore, it was possible to treat the original contract as that of Wilson, the latter fulfilled all its conditions. He paid all that was required or demanded. Instead of giving his own bond secured by a mortgage, he gave and the vendor accepted as a discharge of the contract obligation the bond of a third person; that of Horne. If Wilson's own bond would not have been payment of his debt, his delivery of Horne's bond accepted by the vendor was. The latter took as a performance of the contract by Wilson, if the latter was indeed the contractor, the bond and mortgage of Horne, and thereby all right of action against the former upon the contract of purchase was gone. It cannot alter the result that Horne also was the agent in fact of Wilson, and took the title for his benefit, the latter paying the purchase-price. Under the statute the title vested absolutely in Horne and no trust resulted to Wilson. Even as between him and the grantee the latter was lawful and sole owner. But whatever the relation between the two, it does not alter the fact that plaintiff took the personal liability of Horne, fortified by a mortgage upon the land, in discharge of the contract obligation of the purchaser, whether such purchaser was McNish, or Scott, or Wilson.

Besides, the plaintiff dealt with Horne and his grantee, Mrs.

Moffett, as real principals, and actual owners and purchasers of the island, and in such utter disregard and repudiation of any rights of Wilson, after notice of his claim to be owner, as to estop him now from treating him as principal. The appellant's idea seems to be that Wilson's alleged contract of purchase somehow survived its subsequent fulfillment, and having been made by agents acting for an undisclosed principal, the seller had a remedy against both; could sue the agents as he did, and failing to get satisfaction have a remedy against the discovered principal. We do not see how the facts of the case admit of any such proposition; but if they do, if it were possible to say that a right of action for the unpaid purchase-money of the land remained to Tuthill, against Horne and Mrs. Moffett as agents who had become personally liable, and also against Wilson as the undisclosed principal, a fatal difficulty remains. The vendor could not enforce his claim against both the principal when discovered and the agents who contracted in his behalf. Granting that each was liable, both were not, for both could not be at one and the same time, since the contract could not be the personal contract of the agents, and yet not their contract but that of the principal. The vendor had a choice and was put to his election. (*Meeker* v. *Claghorn*, 44 N. Y. 351; *Addison* v. *Gandassequi*, 4 Taunt. 574; *Curtis* v. *Williamson*, L. R., 10 Q. B. 57.) The rule is well stated in Leake's Digest, 503–4, that " if, after discovery of the principal, the creditor elect to hold the agent liable, and act accordingly in a manner to affect the principal, he would be precluded from afterward charging the principal. He has the right of election as to which of them he will hold responsible, but having once made an election he is bound by it." In the present case the learned trial judge found as a fact that in July, 1873, the plaintiff had notice that Wilson claimed to be the real owner of Robin's island. Yet after that, he took from Mrs. Moffett a further mortgage; knowing the real principal, he began a foreclosure of the agent's mortgage; he asked a personal judgment both against Horne and Mrs. Moffett; he omitted to make the principal a party; he released Horne from his liability;

pursued Mrs. Moffett to judgment and execution ; and became re-possessed of Robin's island by virtue of his judgment. By these acts he made his election to treat the agents as principals, as he had the right to do, and cannot now recall his choice. It was said in *Priestly* v. *Fernie* (3 H. & C. Exch. 982) that " where the agent, having made a contract in his own name, has been sued on it to judgment, there can be no doubt that no second action would be maintainable against the principal." The plaintiff wholly ignored Wilson in pursuing his remedy, as he had a right to do. He treated the agents as principals, and they were such as to him and on the face of the papers. He cannot now have a remedy against Wilson. We are unable to discover any ground upon which a recovery for the deficiency on the foreclosure can be sustained against Wilson. The second count alleged the sale to defendant through the agency of Horne of personal property on Robin's island for which he gave his acceptance and claimed to recover a balance unpaid.

If the second cause of action be treated as brought upon the acceptance alleged, it failed because no such acceptance was proved. But the plaintiff again insists that it was for personal property sold to Wilson through Horne as his agent. The observations already made dispose of the question in that view, since after disclosure of the principal, plaintiff dealt with Horne and Mrs. Moffett as principals, and took from the latter her bond and a further mortgage on the island as security for the price. Added to this, we have a finding of fact by the trial judge that the sale was to Horne who gave his acceptance for the price.

The judgment should be affirmed, with costs.

All concur, except TRACY, J., absent.

Judgment affirmed.