(19 Misc. Rep. 641.)

DRENNAN v. BOICE.

(Supreme Court, Appellate Term, First Department.    March 25, 1897.)

ELECTION OF REMEDIES— SUING AGENT AFTER DISCOVERY OF PRINCIPAL.
    Plaintiff sued to foreclose a mechanic's lien for work done on a street, and joined as defendants the contractor who employed him, the contractor's assignee, and the city.    The action was prosecuted to judgment against the contractor, but dismissed as to the other defendants.    *Held*, that plaintiff elected to hold the contractor by whom he was employed, and therefore he could not afterwards sue the assignee on the ground that the contractor, in employing plaintiff, acted as the assignee's agent.

Appeal from Thirteenth district court.

Action by William Drennan against Hewit Boice, to recover for services alleged to have been performed at defendant's request. The complaint was dismissed on the merits, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Baldwin Hands, for appellant.
Wm. H. Reed, for respondent.

BISCHOFF, J.  During the months of October, November, and December, 1894, the plaintiff performed certain services in and about one of the streets of the city of New York, at the direct request of one William Martin, who had entered into a contract with the municipality whereby he undertook the grading of such street.  As a matter of fact, Martin had actually assigned all his rights under the municipal contract to the defendant, who, with the consent of the municipality, assumed the performance of the work, the assignment having taken place before the plaintiff's relations with Martin commenced; and this action was brought against the defendant, as Martin's undisclosed principal in the transaction, to recover the value of the services performed.  In view of the fact that the defendant was the party who directly benefited by this work, to the exclusion of Martin, by reason of the prior assignment of the latter's interest, it may be that the defendant's relation as principal to Martin was made out satisfactorily, and also we may assume that the plaintiff's proof of the performance of the services was sufficient, although it was not as clear as might have been desired; but, none the less, the complaint was not improperly dismissed upon the merits.  Without objection, proof was given by the defendant which established a complete defense to the action, and, while this defense was not pleaded, the plaintiff's consent to the litigation of it was to be inferred from his failure to oppose the introduction of the evidence as irrelevant to the issues.  Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910.  Indeed, the main part of this defense was supported by the voluntary stipulation of counsel as to the facts, and this stipulation was quite apart from anything which the plaintiff's proof of the cause of action required.  So far, then, there was, in effect, an actual consent to the introduction of the defense.  It was shown that on October 16, 1895, judgment was rendered in an action brought by this plaintiff in the late court of common pleas to foreclose a mechanic's lien for the services now in suit, this defendant, together with Martin and the municipality, being named as defendants.  From this record it appears that the judgment proceeded in favor of the plaintiff against Martin, personally, for the amount of the claim, but the complaint was dismissed as against the other defendants, the lien not having been established.  In that action the answer of this defendant set forth at length the assignment to him by Martin of the municipal contract, and all the facts upon which such defendant's relation to Martin, as principal, are now based, were there fully disclosed; yet in the month of January, 1896, the plaintiff brought an action in one of the district courts, and obtained a judgment against Martin and his business associates upon this precise claim, notwithstanding that the present defendant's answer as a defendant in the foreclosure action had apprised him of the fact of Martin's agency, such as it was, several months before.  It is claimed that the plaintiff was ignorant of the facts, but the justice, we must assume, found with the defendant upon that issue, and ample evidence justified the finding.  We have, therefore, merely a case of an election by the plaintiff to hold the agent personally for the claim after full disclosure of the principal's iden-

tity, since this was the effect of the prosecution of the demand to judgment against the agent after the principal had been disclosed. Tuthill v. Wilson, 90 N. Y. 423. While the liability of the agent and of the principal was several, it was an alternative liability, and a recovery against both was not open to the plaintiff. See "Election of Remedies," 7 Enc. Pl. & Prac. 360; notes to Fowler v. Bank (N. Y. App.) 2 Silvernail, 291 (s. c. 21 N. E. 172), and Bach v. Tuch (Sup.) 4 Silvernail, 347 (s. c. 10 N. Y. Supp. 884); Bigelow, Estop. 68; note to Wheeler v. McGuire (Ala.) 2 Lawy. Rep. Ann. 812 (s. c. 5 South. 190); Carter, Rice & Co. v. Howard, 17 Misc. Rep. 381, 384, 39 N. Y. Supp. 1060. As was said in Tuthill v. Wilson, supra, at page 428: "Granting that each was liable, both were not, for both could not be at one and the same time, since the contract could not be the personal contract of the agents, and yet not their contract, but that of the principal. The vendor had a choice, and was put to his election;" and the court cites with approval Priestly v. Fernie, 3 Hurl. & C. 982, in which case it was said: "Where the agent, having made a contract in his own name, has been sued on it to judgment, there can be no doubt that no second action would be maintainable against the principal." See, also, Meeker v. Claghorn, 44 N. Y. 351. The cases to which our attention is called by counsel for the appellant (Cobb v. Knapp, 71 N. Y. 348; Knapp v. Simon, 96 N. Y. 286) hold no more than that the commencement, only, of an action against either principal or agent, does not necessarily import an abandonment of the claim against the other, but neither case holds that the pursuit of both principal and agent may be continued after the recovery of a judgment against one. It follows that the conclusion of the court below was correct, and the judgment is to be affirmed, with costs. All concur.