H. WHITNEY TEW, Respondent, *v.* HENRY WOLFSOHN, Appellant, Impleaded with Another.

PLEADING — DEMURRER — WHEN COMPLAINT STATES BUT A SINGLE CAUSE OF ACTION. A complaint in an action against a husband and wife alleging that the husband conducts a certain business as agent for his wife, the business being owned by her; that he "pretends to be conducting said agency on his own behalf and without disclosing his said wife as principal;" that a contract was entered into between plaintiff and the husband "acting as agent for his undisclosed principal," the wife; that the *defendants* entered into the contract and refused to perform its terms and conditions; that they induced the plaintiff to pay them money, which they refuse to return or account for, and demanding damages, is not demurrable upon the ground that two causes of action have been improperly united; if the complaint does not state a single cause of action against the wife only, it states a single cause of action against the defendants jointly and either view is equally fatal to the demurrer.

*Tew* v. *Wolfsohn*, 77 App. Div. 454, affirmed.

(Argued March 17, 1903; decided April 7, 1903.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 5, 1903, which affirmed an interlocutory judgment of Special Term entered upon a decision overruling a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Benno Loewy* for appellant. Where two causes of action upon contract are joined in the same action a demurrer to the complaint upon the ground that all the defendants are not affected by both causes, lies at the instance of a defendant who is so affected. The objection is not to the misjoinder of parties but of causes in action, and so the rule that a defendant against whom a good cause of action is pleaded may not demur because too many are joined, does not apply. (*Nichols* v. *Drew*, 94 N. Y. 22; *Adams* v. *Stevens*, 7 Misc. Rep. 469; *Hess* v. *B.*, etc., *R. R. Co.*, 29 Barb. 391; *McKenzie* v.

*Hatton,* 9 Misc. Rep. 16; *Kelly* v. *Newman,* 62 How. Pr. 156.) A demurrer for misjoinder of causes of action lies, although the causes of action be undistinguishably blended in a single count or complaint. (*Adams* v. *Stevens,* 7 Misc. Rep. 468; *Wiles* v. *Suydam,* 64 N. Y. 173; *McKenzie* v. *Hatton,* 9 Misc. Rep. 16; *Kelly* v. *Newman,* 62 How. Pr. 156; *Goldberg* v. *Utley,* 60 N. Y. 427.) Plaintiff cannot have a recovery against both the alleged agent and his alleged principal. He must elect whom he will hold. (*Meeker* v. *Claghorn,* 44 N. Y. 349; *Tuthill* v. *Wilson,* 90 N. Y. 423; *F. Nat. Bank* v. *Turner,* 24 N. Y. Supp. 793; *Scarf* v. *Jardine,* L. R. [7 App. Cas.] 345; *Booth* v. *Barron,* 29 App. Div. 66.) The judgment demanded is a joint judgment against both defendants. No answer having been interposed, plaintiff could get no judgment more favorable than that demanded. As plaintiff clearly is not entitled to a judgment against both defendants, but only against one, the demurrer was properly interposed, even though plaintiff may be entitled to some other relief than that specifically prayed for. (Code Civ. Pro. § 1207; *Edson* v. *Girvan,* 29 Hun, 422; *V. Mfg. Co.* v. *Oettinger,* 88 Hun, 83; *Swart* v. *Boughton,* 35 Hun, 281; *Wisner* v. *C. F. J. Co.,* 25 App. Div. 362; *Cody* v. *F. Nat. Bank,* 63 App. Div. 199; *Block* v. *Vanderbilt,* 70 App. Div. 16.)

*Gilbert Ray Hawes* for respondent. Several causes of action have not been united in the complaint improperly or otherwise, as stated in the demurrer. (*McLean* v. *Sexton,* 44 App. Div. 520; *McClure* v. *C. T. Co.,* 165 N. Y. 128; *De Reimer* v. *Brown,* 165 N. Y. 410.) Each of the defendants is liable separately on the cause of action stated in the complaint, and either or both may be sued. (*Mattlage* v. *Poole,* 15 Hun, 556; *Coe* v. *Raymond,* 22 Hun, 461; *Cobb* v. *Knapp,* 71 N. Y. 348; *Mason* v. *Cockcroft,* 3 Duer, 366; *E. F. Co.* v. *Herne,* 33 Hun, 178; *Tuthill* v. *Wilson,* 90 N. Y. 423; *Meeker* v. *Claghorn,* 44 N. Y. 349; *Lindsay* v. *Gager,* 11 App. Div. 93.)

18

O'BRIEN, J.   The plaintiff sought to recover damages from the defendants, husband and wife, for breach of a contract. The plaintiff alleges that he is a professional singer and that a contract of employment was made with him.   The husband alone has demurred to the complaint upon the sole ground that several causes of action have been improperly united in the complaint.   The court overruled the demurrer and the order was affirmed on appeal.   The case comes here upon appeal with a question certified, which in substance is, whether the complaint is open to the objection stated in the demurrer.

There are numerous questions that sometimes arise upon pleadings with which we are not at all concerned in the disposition of this case.   The complaint may be defective in clearness of statement or in logical order, and the plaintiff may not be able at the trial to prove his case as stated.   The objection must be determined upon a view of the whole complaint reasonably construed with reference to the facts stated and every inference flowing from such facts.   We are not to fasten upon a word, a phrase or a sentence in the complaint and give it a meaning which it will not fairly bear in order to sustain the demurrer.   Every reasonable and fair intendment is to be made in support of the pleading. (*Zabriskie* v. *Smith,* 13 N. Y. 330; *Marie* v. *Garrison,* 83 id. 14, 23; *Sanders* v. *Soutter,* 126 id. 193; *Sage* v. *Culver,* 147 id. 241.) It may very well be that the complaint does not state any cause of action whatever against the husband, but he raises no such objection now, but reserves it, as he may, to be made at the trial.   His objection really is that it *does* contain a good cause of action against him.

It is provided by section 497 of the Code of Civil Procedure that when a demurrer to the complaint is allowed on the ground that two or more causes of action have been improperly united, the court may direct that the action be divided into as many actions as are necessary for the proper determination of the causes of action therein stated.   This plainly implies that, in order to sustain a demurrer on this ground, the complaint must contain two or more causes of action so well stated and

so complete and perfect that the court can divide them into the necessary number of actions. It will not do to say that the complaint contains one good cause of action and some vague and ambiguous words or expressions that by construction may be made to point to another cause of action. All that must be corrected, not by demurrer, but by motion. So that, in order to sustain the demurrer in this case, we must find two causes of action plainly stated, each in itself complete and perfect upon a fair and reasonable construction of the language employed. The complaint in form and upon its face does not profess to state more than one cause of action. It all relates to one subject, although divided into eight clauses or paragraphs, but no reference is anywhere made to a second cause of action as such. The only words that can possibly be claimed to point to more than one cause of action are to be found in the second and third paragraphs, which read as follows, the italics being our own : " That the defendant Henry Wolfsohn conducts a musical bureau for the purpose of securing concert and recital engagements for high-class artists, which business is owned by his wife, the defendant Paula Wolfsohn, the defendant Henry Wolfsohn acting as her agent, *although said Henry Wolfsohn pretends to be conducting said agency on his own behalf and without disclosing his said wife as principal.*" Here we have a clear and distinct allegation of a fact, namely, that the husband is conducting a certain business as agent for his wife, the business being owned by her. This is an admitted fact that has a material bearing upon the construction of the complaint. The truth and the fact being that the husband is conducting the wife's business as her agent, the other words in italics are immaterial, irrelevant or redundant and could be stricken out on motion. So long as the fact was that the husband was the agent of the wife in the conduct of her business it was of no consequence that he pretended to be something else. The husband's pretenses add nothing to, nor do they take anything from, the significance of the conceded fact that he was the agent of his wife, so that we may pass over this paragraph as

containing nothing except a very proper allegation that the husband was the business agent of the wife. The redundant words referred to contain no element of a cause of action and may be rejected as the merest surplusage.

The next or third paragraph is the one upon which the learned counsel for the demurring defendant has sought to construct a second cause of action, and that reads as follows : " That on or about the 7th day of June, 1901, a contract was entered into between plaintiff and said defendant Henry Wolfsohn, acting as agent for his *undisclosed* principal Paula Wolfsohn, whereby plaintiff appointed said Henry Wolfsohn his sole manager for America and Canada for a term of one year, agreeing to pay said Wolfsohn ten per cent of all plaintiff's engagements, and also agreeing to submit to him all his business communications and not to accept any engagements without his consent." The argument in support of the demurrer rests entirely upon the use of the single word " undisclosed," in the foregoing quotation. If that word is rejected, then the paragraph would contain a plain statement that on a certain day the plaintiff and the husband, acting as agent for his principal the wife, entered into a certain contract with respect to a certain subject-matter which is more particularly described. It is alleged that whatever contract the husband made, he made it as agent for his wife. That was the capacity in which he made the promise and that is the capacity in which the plaintiff accepted it. The word " undisclosed " may be treated as a mere *descriptio personæ* and of no more consequence than if the pleader had described the wife, who was the principal, by any other adjective. The parties to the contract are stated to be the plaintiff on the one part and the husband as agent on the other, and being such agent and carrying on the business for his wife as alleged, he had the power to bind her by the contract and on the face of the complaint she is bound. So it is plain that the second cause of action in this complaint, if there be one, must be built up entirely upon the use of the word " undisclosed " and that I think would be quite too

narrow and technical a construction of the language of the complaint.

The learned counsel for the demurring defendant has made an ingenious and refined argument to prove that the agent who concededly acted as agent for his principal in making the contract, at the same time omitted to disclose his principal. If it be true, as alleged, that the husband acted as agent of the wife in making the promise, it must have been accepted by the plaintiff in the character in which it was made, and so it is rather difficult to see how it could be possible that the principal still remained undisclosed. The rule of law applicable to such a case was stated by Judge MARTIN in *De Remer* v. *Brown* (165 N. Y. 419) as follows: " A person, even though making an agreement for another, makes himself personally liable thereon if he contracts in his own name without disclosing his principal, although the other party to the contract may suppose that he is acting as agent." As I understand the rule thus expressed the agent becomes personally liable when he contracts in his own name without disclosing his principal. But in this case the husband did not contract in his own name. He contracted, if the statement of the complaint be true, as agent for his wife, which necessarily implies that he contracted in her name, and hence the word "undisclosed" cannot be taken to amount to an allegation of a distinct fact, but a general description of the principal for whom the husband was acting generally. In other words, it was a repetition in a very brief form of the redundant words contained in the paragraph first discussed. On a fair analysis of the complaint it comes to this: The pleader attempted in the words quoted to state a verbal contract, not in the precise terms in which it was made, but according to its legal substance and effect, as he might. It is stated that he made the contract as the *agent of his wife.* That allegation, *prima facie*, implies that he made it in her name, and so disclosed his agency and his principal. It is true the wife is described as an undisclosed principal, but this description does not change the substance or

legal effect of the allegation any more than if the wife had been described by some other adjective. At most the use of that word amounts to nothing more than to present an inconsistency or a contradiction in terms, and such a defect, if it exists, furnished no basis for a demurrer. There is no allegation of fact in the complaint that the husband in any manner contracted for himself or otherwise than as agent for his wife, or that he omitted to disclose his agency or his principal, and without some distinct allegation of one or more of these facts the court cannot fasten upon a single word descriptive of his wife and seek to construct by some very refined process of argument a contract binding upon the husband. Mere recitals or words of description do not constitute affirmative allegations of fact, such as are required in pleading. There is no allegation in the complaint that the husband ever violated any contract that he ever made otherwise than as the representative of his wife, unless, indeed, there is a joint breach charged, which will be referred to presently. As the argument to sustain the demurrer rests upon the proposition that it appears upon the face of the complaint that at the same moment of time two several contracts were made with the plaintiff, with respect to the same subject-matter, one binding the wife alone and the other the husband alone, it is just as essential for the defendants' purpose that the complaint should charge a several breach on the part of both as the making of a several contract, and clearly it does not charge either the one or the other. If the complaint states anything more than a single cause of action for breach of the contract and that against the wife only, it is a single cause of action against the husband and wife jointly, and that theory would be equally fatal to the demurrer.

It was quite possible and competent for the husband when making the contract, to bind himself and his wife jointly. In that case there would be but one contract and but one cause of action, and possibly that was the theory upon which the learned counsel for the plaintiff constructed the complaint. It may be that he will not be able to establish such a contract

at the trial.   But the question here is whether such a contract ·
is not stated on the face of the complaint.   After stating the
making of the contract as above described, the complaint
avers that the· *defendants* agreed on their part to arrange a
concert tour for the plaintiff, to secure engagements or book-
ings for him in advance, arrange dates, routes, etc., and do
all the preliminary work required of a manager of a high-
class artist.   Now this amounts to an allegation that the
defendants jointly undertook to do what is therein alleged,
and that the plaintiff accepted the promise in that character.
The contract was a verbal one and an allegation that the
defendants agreed to do certain things amounts, or may
amount, to a statement of a joint contract.  · Then again it is
alleged that the defendants committed a breach of the con-
tract in refusing to perform its terms and conditions, and have
not allowed the plaintiff to do the things which they engaged
him for.   It is difficult to see how the defendants jointly could
have committed a breach of the contract unless they made it
in that capacity.   Clearly the meeting of minds charged in
the complaint was between the husband as agent for his wife
on the one side and the plaintiff on the other.   As already
remarked the complaint states what took place only in sub-
stance and according to its legal effect, and then it proceeds in
these words : " Whereby *defendants agreed on their part,*"
etc.   It is then alleged that the defendants refused to make
engagements for the plaintiff to sing at concerts and can-
celed engagements already secured in violation of the agree-
ment.   Then· it is stated that the defendants induced the
plaintiff to pay to them the sum of $350 to be used in
advertising, and that they have refused to account for the
expenditure or to return that sum to the plaintiff.   This is a
distinct allegation of the payment of money to the defendants
jointly which, according to the allegations of the complaint,
the plaintiff was entitled to have returned to him.   So that
upon any view of this pleading there is but one cause of
action stated upon a contract either of the wife alone, made
by her agent, or by husband and wife jointly.   If it is

indefinite or uncertain in this respect the remedy to correct it is by motion and not by demurrer.

I have, perhaps, discussed the question presented by this appeal at greater length than the importance of the question would seem to demand. It is due to the counsel on both sides to say, in conclusion, that if they had carefully studied how to inject vexatious questions into a very simple case, they could not have met with a greater measure of success than seems to be evidenced by this record. This remark applies equally to the form of the complaint and the form of the demurrer. I think on the whole that the case was properly decided below and that the order appealed from should be affirmed, with costs in all courts, with leave to the demurring defendant to answer on payment of costs. The question certified should be answered in the negative.

CULLEN, J. (dissenting). While special pleading at common law was a marvel of legal accuracy and clearness and had the advantage of presenting for determination by the jury sharply defined issues of fact formulated in advance of the trial, still, owing to its technical character substantial causes of action and defenses were often excluded and at times a party was defeated, not by the proofs, but by the pleadings. To correct these evils the Code introduced a radically different system of pleading, and required a party to state in his complaint only " a plain and concise statement of the facts constituting each cause of action without unnecessary repetition, and the demand of the judgment to which the plaintiff supposes himself entitled." Under the new system pleadings have been construed with great liberality, but manifestly there must be some limit to the application of this rule in order to protect the rights of the adverse party. The great strength of the complaint now before us lies, if I may be pardoned the seeming contradiction, in its weakness, its prolixity and its confusion of expression. It means all things to all men. The judge at Special Term and the majority of the judges in the Appellate Division have held that the complaint states a cause of action on which the

defendant Paula Wolfsohn (the wife of the appealing defend-
ant) is liable, because the appellant was her agent in making
the contract for the breach of which the action is brought and
on which the appellant is liable, because, though making the
contract as an agent, he failed to disclose his principal; and
both courts have held that the defendants could be sued in a
single action.   The question of joinder of parties upon which
the decision below proceeded is not passed upon by my asso-
ciates, some of whom construe the complaint as alleging a joint
contract of both defendants, while the prevailing opinion sug-
gests a doubt whether any cause of action is charged against the
appellant.   Thus the draftsman has formulated a complaint
as to the construction of which the courts are not in accord,
though all agree the decision should be in his favor.   He
may succeed on the trial by proving either a joint liability
of both defendants or the several liability of the appellant by
by reason of his failure to disclose the name of his principal,
though it is yet to be determined whether an agent and an
undisclosed principal can be sued in the same action, since
that question will not survive the withdrawal of the demur-
rer.   It seems to me, therefore, that the pleader is not justly
subject to the criticism passed on him in the prevailing opin-
ion.   How could the most learned, logical and accurate of
pleaders have done as well for his client?

Section 484 of the Code of Civil Procedure provides that
causes of action can be joined only when, except as otherwise
prescribed by law, they affect all the parties to the action.   By
section 488 a defendant may demur when causes of action have
improperly been united.   The objection that the causes of action
stated do not affect all the defendants is as good a ground for
demurrer as the objection that one cause of action is on a
contract and another for personal injury.   (*Nichols* v. *Drew*,
94 N. Y. 22.)   I dissent entirely from the proposition " that
in order to sustain a demurrer on this ground the complaint
must contain two or more causes of action so well stated and
so complete and perfect that the court can divide them into
the necessary number of actions."   If this were the rule of

practice the plaintiff would be very foolish to state each cause of action "complete and perfect" when imperfection would avoid a demurrer. But the rule is to the contrary. "If the complaint contains several causes of action improperly united contrary to the Code as is claimed, the vice may be reached by a demurrer, and the failure of the plaintiff to state them separately and number them would not be an answer to it, nor would a failure to move to correct the complaint in this respect defeat the effect of a demurrer. The plaintiff cannot deprive the defendant of the benefit of a demurrer upon this ground by omitting to number his causes of action. A substantial remedy cannot be prevented by a neglect to observe the rules of practice, nor in a case like this would the defendant be regarded as waiving such remedy by not making this motion." (*Goldberg* v. *Utley*, 60 N. Y. 429. See, also, *Wiles* v. *Suydam*, 64 N. Y. 173.) As was said by Judge PRYOR in *Adams* v. *Stevens* (7 Misc. Rep. 468), "the demurrer is not obviated by the fact that the several causes of action are indistinguishably blended in a single count or complaint." If it is clear that in an indictment two offenses are intended to be set out in a single count, the indictment is bad for duplicity, even though one of the offenses is set out defectively. (*Dawson* v. *People*, 25 N. Y. 399.)

We now come to an examination of the allegations of the complaint. It first states that the appellant carried on business ostensibly on his own behalf, but, in fact, as the agent of his wife, and without disclosing his wife as principal; that a contract was entered into between the plaintiff and the appellant "acting as agent of his undisclosed principal, Paula Wolfsohn," whereby the plaintiff appointed the appellant his manager in America for a definite term and "whereby defendants agreed on their part that said Henry Wolfsohn would arrange a concert tour for the plaintiff," &c.; that the plaintiff performed the terms and conditions of said contract on his part; and "that defendants have wholly failed and refused on their part to perform the terms and conditions of the contract above set forth." It also alleged that the plaintiff paid

the defendants a sum of money for which they failed to account. This last states a joint liability on the part of both defendants, but it is plainly a separate cause of action, for the suit is brought chiefly for damages for breach of the contract above recited. It is doubtless true that in a certain sense the breach of the contract declared on gave rise to but a single claim, but it by no means follows that it constituted but a single cause of action. Whether it created more than one cause of action depends on the number of parties liable for the breach and the character of their liability. A single claim even against a single party may give rise to separate causes of action when that claim is sought to be enforced on different grounds. In *Wiles* v. *Suydam* (64 N. Y. 173) the complaint, in a single count, charged the defendant with liability for a debt of a corporation of which he was both a stockholder and trustee, *first*, because no certificate of full payment of the stock had been filed; *second*, because no annual report of debts and liabilities had been made. It was held that there were two causes of action charged which under the Code could not be properly joined in the same action. In answer to the contention that because there was but one claim there was only one cause of action Chief Judge Church said : "I am unable to concur in this view. The recovery of the debt is the object of the action, but a cause of action must have two factors, the right of the plaintiff and the wrong or obligation of the defendant. These must concur to give a cause of action. The cause of action against the defendant as a stockholder consists of the debt and the liability created by statute against stockholders when the stock has not been paid in and a certificate of that fact recorded. * * * The allegations against the defendant as trustee also constitute a distinct and perfect cause of action, but of an entirely different character. Here the liability is created by statute and is in the nature of a penalty imposed for neglect of duty in not filing a report showing the situation of the company." Apply that doctrine to the present case. There is but a single contract and a single breach. On that contract the wife is bound because the appellant was, in fact,

her agent, and the appellant is liable because he did not disclose his agency and the name of his principal. If we assume that the liability of an agent and that of an undisclosed principal are several and not joint, a proposition I will discuss hereafter, it seems to me beyond question that there are two causes of action stated in the complaint, one against the principal and the other against the. agent. With great deference to my associates I am compelled to say that I do not understand the argument that the allegations that the appellant pretended to conduct the business on his own behalf and without disclosing his wife as principal and that the wife was an undisclosed principal are immaterial and may be rejected as surplusage. Doubtless, so far as the plaintiff sought to charge the wife they are immaterial, but it must be remembered that the appellant here is not the wife but the husband, and the very life of the charge of liability on his part lies in the allegations referred to. Strike those allegations out and no cause of action is stated against him so far as a breach of the contract is concerned. That the failure of an agent in making a contract to disclose his principal renders him liable on the contract is unquestionable. (*De Remer* v. *Brown,* 165 N. Y. 410.) Had the appellant demurred on the ground that the complaint did not state a cause of action these allegations would have been a conclusive answer to his claim, yet now it is proposed to disregard them as surplusage. It is argued that the statement of the complaint that the appellant contracted as agent for his wife necessarily implies that he contracted in her name. It may be a sufficient answer to this to say that the complaint alleges directly to the contrary ; that the husband assumed to act in his own behalf, and that the name of the wife was not disclosed. But apart from this, the statement of the complaint imports no such conclusion. Surely, it is possible that an agent may not disclose his principal. Otherwise, if there be no such thing, all books and the decisions have been far astray when discussing the liability of an undisclosed principal and of an agent who fails to disclose his principal. Though an agent does not disclose his princi-

pal he does, in law, contract as agent if the other party chooses
to look to his principal, and his contract is properly so
charged.   Nevertheless, at the election of the other party, he
may be treated as principal since he has held himself out as
such.   When, therefore, the complaint charged that the
appellant was the agent of his wife it stated a good cause of
action against her.   When it stated that he failed to disclose
his principal it stated a good cause of action against him.

That the liability of an agent of an undisclosed principal
and that of his principal is several seems to me very clearly
settled by authority.   Judge Story, referring to this subject,
says (Contracts, 266):  " But we are not, therefore, to infer
that the principal may not also, when he is afterwards dis-
covered, be liable for the payment of the price of the same
goods; for, in many cases of this sort, as we shall hereafter
abundantly see, the principal and agent may both be *severally*
liable on the same contract."   Mr. Meechem lays down the
rule (Agency, sec. 689):  " The other party is at liberty on
discovering the principal to elect to hold either the agent or
the principal, but he cannot hold both."   The authorities
differ as to what constitutes an election, and in some cases it
has even been held that the recovery of a judgment against
the agent without satisfaction will not be deemed conclusive
of such election.   But no authority or text writer gainsays
the doctrine that the question is one of election between the
two, not of joint liability.   So, in *Tuthill* v. *Wilson* (90 N.
Y. 423) it was held by this court through FINCH, J.:  " The
vendor could not enforce his claim against both the principal
when discovered and the agents who contracted in his behalf.
Granting that each was liable, both were not, for both could
not be at one and the same time, since the contract could not
be the personal contract of his agents and yet not their con-
tract, but that of the principal.   The vendor had a choice and
was put to his election. (*Meeker* v. *Claghorn*, 44 N. Y. 351.) "

At common law only parties jointly liable could be sued in
the same action.   This rule has been modified with us, but
only to a certain extent.   By section 454 of the Code of Civil

Procedure (re-enactment of section 120, Code of Procedure, and of provisions of the Revised Statutes) two or more persons severally liable on the same written instrument may be included in the same action as defendants. But the right is strictly confined to the case of a written instrument. This is apparent from the course of legislation. As this section was originally enacted in 1876, it embraced in terms the case of parties "severally liable for the same demand, and, without reckoning offsets or counterclaims in the same amount, although upon different instruments." In 1877 the provision last cited was stricken out, leaving it in the form in which it now stands. Under this section it has been held that the maker and guarantor of a promissory note could not be sued in the same action, because the contract of guaranty was separate from the contract imported by the note, and that hence a demurrer lay by each defendant for improper joinder of action. (*Barton* v. *Speis*, 5 Hun, 60.) The decision seems to have been accepted as the law in the Supreme Court and generally followed in its decisions. The case of *McLean* v. *Sexton* (44 App. Div. 520), cited in the opinion in the court below, is not in point. The Code (sec. 339) expressly authorizes joinder in an action to foreclose a mechanic's lien of any person liable for the debt on which the lien is filed. Such an action is similar in character to an action for the foreclosure of a mortgage. There, also, it is provided by law that any party liable for the debt can be joined as a defendant and a personal judgment for any deficiency recovered against him. Therefore, in such an action, you may sue not only the bondsman, but all persons who, either by guaranty or by subsequent conveyance, have assumed payment of the debt. But in an action at law on the bond itself you can do nothing of the sort.

If, however, we assume that the construction of the complaint adopted by Judge O'BRIEN is correct, that the contract first declared on is that of the wife alone and that the allegations are insufficient to charge the husband with liability thereon, then it would seem perfectly plain that the demurrer is well founded, for then there are two causes of action stated,

one against the wife alone on the original contract, and the second for money paid to the husband and wife jointly. There is but one theory on which it is possible to sustain this complaint, that is that the original contract was not the contract of the wife as principal nor that of the husband as an agent who contracted in his own name or without disclosing his principal, but the joint contract of both husband and wife. How this theory can be accepted, in face of the direct allegation that the contract was made by the husband, as agent of the wife, I cannot see.

The interlocutory judgment should be reversed, with costs to the appellant in all the courts, and the action against the appellant severed from that against the other defendant, with leave to the plaintiff to serve an amended complaint in the severed action upon payment of such costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, JJ. (and WERNER, J., in result), concur with O'BRIEN. J.; CULLEN, J., reads dissenting opinion.

Judgment affirmed.