(69 Misc. Rep. 112.)

### FURCULI v. BITTNER.

(City Court of New York, Trial Term. June, 1910.)

1. PRINCIPAL AND AGENT (§ 141*)—UNDISCLOSED PRINCIPAL—CONTRACT UNDER SEAL—LIABILITY.

Where plaintiff's assignor contracted under seal to perform for G. certain alterations in a building, and the contract contained nothing indicating that G. was acting not for himself but for defendant as an undisclosed principal, no action could be maintained on the contract against such alleged undisclosed principal.

[Ed. Note:—For other cases, see Principal and Agent, Cent. Dig. § 497; Dec. Dig. § 141.*]

2. EVIDENCE (§ 418*)—CONTRACT UNDER SEAL—INTEREST.

Parol proof is inadmissible to show that a contract under seal was really made for the benefit of or on behalf of another not referred to or in any way mentioned therein.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1906–1910; Dec. Dig. § 418.*]

3. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED PRINCIPAL OR AGENT.

Where, in an action on a contract under seal, it appears before judgment that the defendant was acting as agent for an undisclosed principal, the plaintiff's subsequent prosecution of the action to judgment was an election to hold the agent only, precluding a subsequent recovery against the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 499; Dec. Dig. § 145.*]

Action by Amelia Furculi against Edmund Bittner. On motion for a new trial after verdict for plaintiff. Granted.

C. Eno, for plaintiff.

Rosenthal, Steckler & Levi, for defendant.

FINELITE, J. The jury having found a verdict in favor of plaintiff for the sum of $769.69, the defendant immediately moved to set it aside, and that a new trial be granted, on the ground that the verdict is contrary to the evidence and contrary to law. The court thereupon entertained a motion upon the minutes.

It appears from the facts herein that the action is predicated on a written contract under seal, dated June 28, 1906, made by Joseph Geller, as party of the first part, and Lorenzo Building Constructing Company, party of the second part (plaintiff's assignor), for the alterations to be made in premises No. 422 East Fifth street, New York City, borough of Manhattan, under plans and specifications for the consideration of $2,900; that in the course of construction of said work under said contract several payments were made on account thereof, and, at request of Geller, extra work was performed for which a charge was

---

made, for which extra work and the balance due and unpaid on the original contract this suit was instituted, and resulted in the verdict aforesaid. Defendant contends as a matter of law that the contract aforesaid under seal is the personal contract of Geller, and that the defendant herein, being nowhere mentioned or described therein, cannot be held liable thereunder.

This raises the question: Can Bittner as an undisclosed principal, receiving the benefits of plaintiff's assignor's labor and material, estop plaintiff from receiving the balance due under said contract and payment for the extra work performed? Before discussing this question, it is necesssary to recall that the previous action was instituted by plaintiff's assignor against Geller for the recovery of the balance due under said contract and the extra work performed. On the trial thereof it was disclosed that the defendant herein was the real principal in interest. A verdict was obtained against Geller in that action, and a judgment duly entered therein which is still unsatisfied of record. By the plaintiff's assignor prosecuting said action to judgment defendant asserts that they have elected their remedy and are bound thereby, and estopped from maintaining this action against defendant herein. In referring to the first proposition raised by the defendant, viz., "that the contract under seal is also a personal contract of the parties mentioned and described therein, and that it cannot be presumed to include the name of defendant as an undisclosed principal where he is nowhere mentioned or referred to therein, even though a seal is not essential to the validity of a contract," but in answering this proposition we must bear in mind that the force and effect of a contract must be determined by the contract itself, and not by proof aliunde. The instrument under discussion was signed by Geller, and in no way does it refer to defendant by description or is he designated therein by name, and as the principle has long been settled by authority that to render an instrument of this nature, signed by a (supposed) agent in his own name, binding on his principal, it must appear from the contract itself that it purports to be made by the principal before it can be considered as obligatory upon the principal. Nowhere can it be found from the reading of said instrument that said Geller was acting for an undisclosed principal, nor can it by innuendo be inferred that the defendant was a party thereto.

The case of Schaefer v. Henkel, 75 N. Y. 378, was where the party was actually described as agent, and the action was brought upon a lease under seal executed by J. Romaine Brown, agent, as lessor, and by defendant as lessee. The action to recover the rent due was brought by the principal, and not by the agent who signed the lease. Defendant had judgment upon the ground that plaintiffs were not parties to the lease, and therefore could not sue upon its covenants. The judgment was affirmed, Judge Miller, delivering the opinion, saying:

"The plaintiffs were not parties to the lease upon which this action was brought. It was not signed by them. Their names did not appear in it, and there was nothing in the lease to show whether they had anything to do with any interest in the demised premises or the execution of the lease, or it was executed in their behalf. * * * The rule seems to be quite well established that in general an action upon a sealed instrument of this description must be brought by and in the name of a person who is a party to such in-

strument, and that a third person or stranger to the instrument cannot maintain an action upon the same. The question presented has been the subject of frequent consideration in the courts, and I think it is established .in this state that where it distinctly appears from the instrument executed that the seal affixed is the seal of the person described, who designates himself as agent, and not the seal of the principal, that the former only is the real party who can maintain an action on the same. He alone enters into the covenants and is liable for any failure to fulfill, and he can only prosecute the other party. * * * The principle has long been settled by authority that to render an instrument of this nature, signed by an agent in his own name, binding on the principal, it must appear from the contract itself that it purports to be made by the principal before it can be considered as obligatory upon the principal."

This case was referred to and cited with approval in Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550. Judge Earle, speaking for the court, said:

"Where an instrument is under seal, no person can sue or be sued to enforce the covenants therein contained except those who are named as parties to the instrument and who signed and sealed the same."

Whitehouse et al. v. Drisler et al., 37 App. Div. 525, 56 N. Y. Supp. 95, is also in point. That action was brought upon a contract under seal to recover commissions alleged to have been earned by the plaintiffs as brokers in selling certain real estate. At the trial plaintiffs were permitted to prove against defendants' objection that, when Whitehouse signed the contract, he did it for a Mrs. Rae. On appeal this was held error and the judgment reversed; the court saying:

"The contract was under seal. The name of Mrs. Rae did not appear in it. There was nothing upon its face to show she was in any way connected with it or interested in the subject-matter of it. It could not have been enforced against her by the defendants. The covenants to buy were the personal covenants of Whitehouse, and they could only have been enforced against him. This rule is too well settled to require the citation of authorities that a person is not obliged to perform covenants in a written instrument under seal unless he be a party to it. It is equally as well settled that parol proof cannot be received for the purpose of showing that the contract under seal was really made for the benefit of or on behalf of some person not in any way appearing upon the face of or mentioned in the instrument." Farrar v. Lee, 10 App. Div. 130, 41 N. Y. Supp. 672.

In Williams v. Magee, 76 App. Div. 512, 78 N. Y. Supp. 550, the court, writing to the same effect, further says:

"The solemnity which for centuries has been attached to instruments under seal still remains anchored as something tangible and of substance, although in this practical age we are apt to think it rests upon fiction."

Cases are cited by plaintiff's attorney in his exhaustive brief to the effect that parol evidence is admissible to show that Geller was the alleged agent for defendant, who he says was the real principal, among which the following are cited among others: Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600; Bridger v. Goldsmith, 143 N. Y. 424, 38 N. E. 458. Both of these cases are not decisive of the question here involved, and, so far as that question is concerned, are mere dicta. In the Blewitt Case all the court held was that it was competent for the defendants to prove when action was brought upon a contract under seal (but not required to be so) that there was a parol agreement to the effect that the contract was not to take effect until

the performance by plaintiff of a prescribed act, while in the Bridger Case what the court held was that a party who had been defrauded by another was not precluded from maintaining an action to recover damages for the fraud simply because the contract in the making of which the fraud was perpetrated was under seal, when a seal was not required to make it valid. It is not contended that any fraud was practiced upon plaintiff's assignor in the execution of the contract itself, for plaintiff stated and reiterated throughout the trial that no fraud was resorted to by Geller when said contract was signed, and all such question was to be and was eliminated from the trial. Thus it would also seem to preclude plaintiff from thereafter asserting that it was not Geller's contract, under the well-recognized rule that all negotiations had at or prior to the execution of a written contract are merged in it, and proof cannot be given thereof for the purpose of modifying or changing its terms. Relative to a seal it was said in the case of Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617, to wit:

"A seal has lost most of its former significance, but the distinction between specialties and simple contracts is not obliterated. A seal is still evidence, though not conclusive, of a consideration. The rule of limitation in respect to the two classes of obligations is not the same."

Nor is it true, as also contended by the plaintiff, that this rule has been modified by the authorities cited by him, as from their examination can easily be seen each is clearly distinguishable and inapplicable to the principles here involved. In discussing the proposition as to the election of remedies of plaintiff in now maintaining this action against defendant as an undisclosed principal, where the plaintiff's assignor had already obtained a judgment against Geller on the same subject-matter involved, which judgment is still of record and in full force, and in so electing acts as a bar to this action as contemplated by law, it seems the authorities on this proposition are in conflict. There are cases which hold that the remedies are concurrent and consistent and no election of remedies is required, whereas others lay down the rule that where there has been an election and a recovery had against the principal or agent the parties would be bound thereby no matter how harsh the rule may be, for the remedies being inconsistent and his election with knowledge of the facts is a final and conclusive bar. From the examination of the evidence herein plaintiff's attorney admitted that in the trial of the action against Geller defendant herein was the principal and Geller the agent, and notwithstanding such knowledge in plaintiff's possession he still prosecuted that action to judgment.

Plaintiff contends that obtaining a judgment against Geller was not an election, and cites Tew v. Wolfsohn, 77 App. Div. 454, 79 N. Y. Supp. 287, 288, affirmed 174 N. Y. 272, 66 N. E. 934, First National Bank of the City of Brooklyn v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382, to support his contention. Tew v. Wolfsohn was an action brought to recover damages for a breach of contract alleged to have been made between the respondent and appellant for an undisclosed principal, his wife, the other defendant, by which the respond-

ent, a professional singer, constituted the appellant his sole manager for America and Canada for a term of three months, and the appellant agreed to arrange a concert tour and to secure engagements for respondent in advance. The appellants demurred on the ground that two causes of action are stated in the complaint, one against him for making the contract in form as principal, which does not affect his wife, and the other against her, as the undisclosed principal, which does not affect him. Only one contract was made, and the plaintiff seeks to hold both defendants, the wife because the contract was made by her, and the husband because he led the plaintiff to believe he made the contract for himself. From the interlocutory judgment overruling the defendant's demurrer the defendant appealed. Laughlin, J., writing the opinion, says, at page 465 of 77 App. Div., at page 287 of 79 N. Y. Supp., as follows:

"Even if the plaintiff must elect before judgment to determine which party he intends to hold, it cannot be said that by bringing this action against both there has been an election to hold the principal, and not the agent. Mattlage v. Poole, 15 Hun, 556. Of course, the complaint does not show which party was served first or whether defendant was served at all. Assuming that plaintiff is not entitled to judgment against one of the defendants, and that he must elect which party he intends to hold, he cannot be required to make that election until the close of the case. With the exception of the case of Booth v. Barron, 29 App. Div. 66 [51 N. Y. Supp. 391], the facts in which are not fully stated, and which have been specially disapproved by McLean v. Sexton, 44 App. Div. 520 [60 N. Y. Supp. 871], all of the decisions in this jurisdiction, as far as they have been brought to our attention, are to the effect that there is no conclusive election until judgment is entered against one or the other parties liable (Mattlage v. Poole, 15 Hun, 556, approved in Equitable Foundry Co. v. Hersee, 33 Hun, 169, 178; Cobb v. Knapp, 71 N. Y. 348 [27 Am. Rep. 51]; Nason v. Cockroft, 3 Duer, 366; Tuthill v. Wilson, 90 N. Y. 423; Meeker v. Claghorn, 44 N. Y. 349; Lindsay v. Gager, 11 App. Div. 93 [42 N. Y. Supp. 851]). Such seems to be the rule in England. Curtiss v. Williamson, 1 L. R. 10 Q. B. 57. It would be manifestly unjust to require the plaintiff to elect in such, at least before all the evidence is in."

In Tuthill v. Wilson, supra, it was held by the court, through Finch, J.:

"The vendor could not enforce his claim against both the principal, when discovered, and the agents who contracted in his behalf. Granting that each was liable, both were not, for both could not be at one and the same time, since the contract could not be the personal contract of the agents and yet not their contract but that of the principal. The vendor had a choice and was put to his election. Meeker v. Claghorn, 44 N. Y. 351. The rule is well stated in Leak's Digest (503, 504) that if after the discovery of the principal the creditor elect to hold the agent liable, and act accordingly in a matter to affect the principal, he would be precluded from afterward charging the principal. He has the right of election as to which of them he will hold responsible, but having once made an election he is bound by it."

Has not the plaintiff been bound when her assignor elected his remedy, prosecuting to judgment his action against Geller? In Terry v. Munger, 121 N. Y. 167, 24 N. E. 273 (8 L. R. A. 216, 18 Am. St. Rep. 803), it was held by Peckham, J.:

"Any decisive acts of the plaintiffs with knowledge of all the facts would determine their election in such a case like this." Sanger v. Wood, 3 Johns. Ch. 416, 421.

I have also considered the question of a contract which is valid whether it has a seal attached or not. It seems to be settled law in this state that in order to take a case out of the general rule, where the contract is one which is valid without a seal and the seal is therefore of no account, it must appear that the contract was really made on behalf of the principal from the instrument, and that the party derived benefit from and accepted and confirmed it by acts on his part. The contract in the action at bar is silent as to any other party than the one who executed it. From it can be gleaned not the shadow of an inkling as to defendant being interested as principal or otherwise. It seems the covenants and conditions of said contract are only between the parties who are named in it, and no other parties. No other interpretation can be put on it. Mr. Justice Andrews in Briggs v. Partridge, 64 N. Y. 357–365, 21 Am. Rep. 617, cogently says:

"We find no authority for the proposition that a contract under seal may be turned into the simple contract of a person not 'in any way appearing on its face to be a party to or interested in it, or proof de hors the instrument, that the nominal party was acting as the agent of another. * * * The general rule as declared by Shaw, C. J., in Huntington v. Knox, 7 Cush. (Mass.) 374: 'Where a contract is made by deed under seal, on technical grounds, no one but a party to the deed is liable to be sued upon it, and therefore, if made by an attorney or agent, it must be made in the name of the principal in order that he may be a party, because otherwise he is not bound by it.' "

As the foregoing are the serious questions to be decided, I therefore find it not necessary to allude to the other points raised, and from the authorities cited hereinabove and from the expression of opinion therein enumerated I am forced to the conclusion that the verdict should be set aside and a new trial granted, which is hereby ordered, but the same should be conditioned on the payment of costs, the amount thereof to be fixed on the settlement of the order to set aside the verdict to be entered thereon, which order is to be settled on notice.

So ordered.