WILLIAM N. Voss and Others, Plaintiffs, *v.* CARL LUZZO, Defendant.

Municipal Court of Syracuse, September 29, 1933.

*Hiscock, Williams & Cowie* [*M. F. Lane* of counsel], for the plaintiffs.

*Byrne, Byrne & Lowery* [*P. A. O' Neil* of counsel], for the defendant.

RYAN, J.   On or about March 18, 1926, plaintiffs entered into a written contract to sell and defendant agreed to buy a house and lot on Butternut street in the city of Syracuse for $9,200.   In part payment defendant agreed to assume and pay a $4,500 mortgage held by the Syracuse Savings Bank.

While defendant was acting as agent for Jacob R. Buecheler, he became personally liable for the fulfillment of said contract, because it was under seal and because he did not disclose his principal to plaintiffs.   (*Crowley* v. *Lewis*, 239 N. Y. 264, 266.)

It appeared on the trial that defendant was acting as agent for Jacob R. Buecheler, an undisclosed principal.   The contract was assigned to Buecheler by defendant and Buecheler was accepted by plaintiffs as the purchaser and a deed was executed by plaintiffs and delivered to Buecheler, who assumed and agreed to pay the mortgage held by the Syracuse Savings Bank for $4,500.   The

savings bank mortgage was foreclosed, and on the 3d day of December, 1932, a judgment of deficiency for $1,184.64 was entered against plaintiffs, who now bring this action to recover said sum paid by them, from defendant by reason of his executory contract of purchase.

Defendant was not made a party to the mortgage foreclosure and received no notice thereof and had no opportunity to protect himself. He signed the contract as a matter of accommodation and received no benefit therefrom.

*Tuthill* v. *Wilson* (90 N. Y. 423) is authority for two principles of law: *First,* that the executory contract of sale signed by defendant became merged in the deed executed and delivered to the principal Buecheler with the consent and acquiescence of all the parties and spent its force; *second,* having made the election by consent of the parties to deal with the real principal, plaintiff is estopped from proceeding against the defendant agent. There was a substitution of parties and novation. (*Schloss Bros. & Co.* v. *Bennett,* 260 N. Y. 243, 248.)

*Tuthill* v. *Wilson* (*supra*) has been cited and approved in a long line of decisions and stands as the law at the present time. (*Tew* v. *Wolfsohn,* 174 N. Y. 272, 285.)

The plaintiffs are without redress against defendant and the complaint must be dismissed, with costs.