THE FIRST NATIONAL BANK of the City of Brooklyn, Respondent, *v.* WILLIAM T. WALLIS and Another, Appellants, Impleaded with Others.

*Promissory note — signed with individual names followed respectively by "Prest." and "Treas." — the liability is individual and not corporate — election of remedies — several liability on a contract — a recovery against one debtor not a discharge to his co-debtors.*

When a promissory note is signed by two individuals as makers, and after their respective names the words "Prest." and "Treas." are respectively written, the note is an individual obligation of the persons signing the same, and not that of the corporation of which they are president and treasurer respectively, although the name of such corporation be printed on the margin of the paper upon which the note was written, if there is nothing in the body of the note to indicate that it is a note of the corporation.

The fact that the holder of such a note brings an action thereon, and recovers judgment thereon against the corporation, does not estop him from maintaining an action thereon against the individuals who signed the note.

When a party has sufficient grounds to enable him to bring different actions, arising out of the same state of facts, against either of two different persons, and the maintenance of one action necessitates the allegation of a fact inconsistent with the maintenance of the other, he is bound, having brought an action

against one party, by his election and cannot proceed against the other party, although the judgment obtained in the first action fails to afford relief.

As to all that class of actions which come under the head of torts, the rule is established that one tort feasor is not discharged by an action or judgment against his co-tort feasors; nothing short of satisfaction for the injury will relieve all the wrongdoers from liability. The same rule is applicable to contracts; if two or more persons are severally liable for the same debt, the payment of the debt alone discharges the debtor, and the maintenance of an action and a recovery against one does not debar the creditor from suing in a separate action the other parties liable for the same debt.

APPEAL by the defendants, William T. Wallis and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 30th day of July, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 24th day of July, 1894, denying the defendants' motion for a new trial made upon the minutes.

*Henry Crofut White,* for the appellants.

*Joseph A. Burr,* for the respondent.

BROWN, P. J.:

This action was brought to recover against the appellants individually upon a promissory note, indorsed to the respondent by H. Stuetzer & Co., of which the following is a copy:

" $1,500.          JERSEY CITY, N. J., *Dec.* 2, 1892.

" Three months after date we promise to pay to the order of H. Stuetzer & Co., Fifteen hundred & $\frac{00}{100}$ Dollars, payable at First National Bank of Jersey City. Value Received.

                              " WM. T. WALLIS, *Prest.*

" No. 1027.                    GEO. T. SMITH, *Treas.*"

*(note left margin, running vertically: "Wallis Iron Works.")*

(Indorsed): "Pay First Nat'l Bank, Brooklyn, or order, H. Stuetzer & Co."

The note was given to Stuetzer & Co. for work done for the Wallis Iron Works, of which corporation the appellant Wallis was the president and the appellant Smith the treasurer.

Shortly after the maturity of the note, the bank sued the Wallis Iron Works thereon, and judgment was entered against said corporation by default.

Nothing was collected on said judgment, and, before the commencement of this action, it was, by an order of the court, vacated and the action was discontinued.

The note was discounted for the benefit of and upon the credit of Stuetzer & Co., and, at the time of discounting it, the bank had no knowledge of the circumstances surrounding its execution and delivery, or what it was given for, but the president of the bank testified that he supposed it was the note of the Wallis Iron Works.

In another action this court decided upon the same facts that a note between the same parties was, on its face, the obligation of the appellants, and not of the Wallis Iron Works. (*First National Bank* v. *Stuetzer,* 80 Hun, 435.)

That decision rested upon the authority of the case of *The Casco National Bank* v. *Clark* (139 N. Y. 307), from which it appears impossible to distinguish it. .

The appellants now claim, however, that by suing the Wallis Iron Works the respondent exercised a right of election between inconsistent remedies, and is, therefore, barred from maintaining this action against the appellants.

The general rule is well settled that when a party has grounds to bring different actions arising out of the same state of facts against different persons, and the maintenance of one necessitates the allegation of a fact inconsistent with the maintenance of another, he is bound by his election, and cannot proceed against the other, although the judgment obtained in the first action fails to afford relief.

But after a careful examination of the numerous cases cited in the appellants' brief, I have failed to find one that holds that when two or more persons are severally liable to another, by suing one the creditor thereby discharges all the others.

The rule is established as to all that class of actions which come under the head of torts, that one tort feasor is not discharged by an action against his co-tort feasor. Nothing short of satisfaction for the injury will relieve all the wrongdoers from liability. (*Livingston* v. *Bishop,* 1 Johns. 290.)

The same rule is applicable to contracts. If two or more persons are severally liable for the same debt, payment of the debt alone discharges the debtor, and the maintenance of an action and recovery of a judgment against one does not debar the creditor from suing in a separate action others liable for the same debt.

In *Beymer* v. *Bonsall* (79 Penn. St. 298) it was held·that neither the ·agent nor principal, when both were liable, would be discharged short of satisfaction of the debt. This case was cited with approval in *Cobb* v.. *Knapp* (71 N. Y. 348), the chief judge saying that the commencement of an action against the principal would not be conclusive of an election by the creditor to hold him responsible only.

These authorities sustain the judgment appealed from, and it must be affirmed·, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order affirmed, with costs.