PEOPLE ex rel. DE FRECE v. LATHERS et al.

(Supreme Court, Appellate Division, Second Department.   November 18, 1910.)

1. MUNICIPAL CORPORATIONS. (§ 281*)—STREET IMPROVEMENTS—RESOLUTION TO PERFORM WORK—TIME.

Where relator, though entitled to 30 days within which to construct a curb, gutter, and sidewalk along her property pursuant to a resolution of the city council after its first publication, failed to object to the order within the 30 days, and the work was not done by the board of public works pursuant to an order of the council until long after the 30 days had expired, the proceedings were not invalid because the board was ordered to cause the work to be done by resolution of the council passed within the 30-day period.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 745–749; Dec. Dig. § 281.*]

2. MUNICIPAL CORPORATIONS (§ 281*)—LOCAL IMPROVEMENTS—CITY CHARTER —ASSESSMENT OF OWNERS.

New Rochelle City Charter (Laws 1899, c. 128) § 72, provides that no expenditures for any local improvement, the expense of which is to be defrayed wholly or partly by local assessment, shall be incurred unless the common council shall first by resolution declare its intention to make such local improvements, and then declares that the council shall

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not declare its intention to make any such local improvements the expense of which is to be borne wholly or partly by local assessment, unless the owners of at least one-half of the lineal frontage shall petition therefor or· consent thereto in writing. *Held*, that such section referred only to local improvements undertaken by the city to be paid for by local assessment in the first instance and did not apply to construction of sidewalks, curbs, and gutters, specially provided for by section 84, declaring that the owners and occupants of land fronting on any of the streets or avenues of the city shall construct and keep in repair the sidewalks, curbs, and gutters in front of their respective lots in such a manner and at such times and of such material; as the city council may by by-law direct, and, in case of their failure, that the city shall do the work and charge the same against such owners, and hence no petition was required to authorize the city council to order the construction of sidewalks, curbs, and gutters along streets and· in front of relator's property.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 745–749; Dec. Dig. § 281.*]

3. MUNICIPAL CORPORATIONS (§§ 488, 489*)—STREET IMPROVEMENTS—TECHNICAL OBJECTIONS—ESTOPPEL.

Where relator, an abutting property owner, not having objected to an order requiring the construction of curb, gutter, and sidewalk along the street in front of her· property within the time prescribed, thereafter stood by and watched the work proceed without taking any steps to prevent it, she was estopped thereafter to resist an assessment of her property claimed for such improvement on the ground that the work was unlawfully done; there having been a substantial compliance with the provisions of the statute relating thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1147–1152; Dec. Dig. §§ 488, 489.*]

Certiorari by the People, on the relation of Sophie B. De Frece, against Richard Lathers and others, constituting the members of the Board of Public Works of the City of New Rochelle, and John J. O'Brien, receiver of taxes in such city, to review an order confirming an assessment for sidewalks, curbs, and gutters. Writ vacated. Proceeding dismissed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Patrick Rooney, for relator.
William S. Beers, for respondents.

WOODWARD, J. The relator brings this writ to review the determination of the board of public works òf the city of New Rochelle, confirming the assessment against ·relator's property for part of the cost of laying certain curbs and gutters and the reconstruction of sidewalks along Neptune avenue in the city of New Rochelle. The contention of the relator is that the proceedings leading up to the performance of the work by the board of public works were so far irregular as. to be void, and the purpose of this review is to have the assessment nullified. On the 5th day of May, 1908, the common council of the city of New Rochelle, in response to a petition, passed a resolution directing the owners of premises fronting on Neptune avenue from Elm street to Pelham road to "within thirty (30) days from the date of publication of this resolution or ordinance, make,

construct, and set curbstones and gutters along the outer lines of the sidewalks in front of their respective lots, and lands fronting on the said streets," etc.  This resolution likewise provided that, in the event of the owners of property failing to comply with the provisions of the ordinance, the common council would procure the work to be done in behalf of such owners, and impose the burden upon them.  It is alleged in the petition of the relator that this ordinance was first published on the 22d day of May, 1908; and, while the return of the board of public works denies having any information sufficient to form a belief upon this point, we will assume the truth of this allegation. This would give the owners of premises upon Neptune avenue until the 22d day of June, 1908, to perform the work directed by the ordinance.  It is not pretended that the relator undertook to do this work within 30 days, but it is alleged that on the 22d day of June, 1908, the relator, with others who objected to the work being done, notified the city engineer, through one Peter E. Bartnett, a contractor, that they would do the work themselves.  The city engineer had no authority in the premises.  He was not the agent of the common council or of the board of public works, and the time limited by the original resolution or ordinance had expired at the time of the alleged notice.  In the meantime, and on the 16th day of June, 1909, the common council adopted a resolution that:

"The board of public works be, and hereby is, ordered to lay and construct curb, gutter and sidewalk on Neptune avenue from Elm street to Pelham road and Elm street from Drake avenue to Weyman avenue, in accordance with the declaration of intention, and the resolution adopted by the common council at a meeting held May 5, 1908," and "Be it further resolved, that the board of public works shall cause the said hereinbefore specified work to be done, for and on account of such owner or owners and impose, assess and levy the cost and expenses thereof, as by law directed. upon the lands and premises benefited."

Assuming that the relator had the right to make the repairs and improvements at any time within 30 days from the 22d day of May, 1909, the undisputed fact is that she had made no move in that direction until the 22d day of June, after the time fixed by the resolution of May 5th had expired, and she could not have been harmed nor did it invalidate the resolution which was adopted on the 16th day of June, and which it is claimed did not come to her attention until about the time of the notice which was given to the city engineer on the 22d day of June.  It is not claimed that the board of public works acted or attempted to act under the resolution of June 16th, until long after the expiration of 30 days from the publication of the resolution of May 5th, and the fact that some of the signers of the original petition had in the meantime, and prior to the resolution of June 16th, attempted to withdraw their names from such petition is of no consequence, for the very good reason that no such petition was required by the charter for the particular kind of work which is here under consideration.  Conceding, for the sake of the argument, that the exceptions contained in section 72 of the charter (chapter 128 of the Laws of 1899) are not broad enough to cover curbing, the work was not a "local improvement * * * the expense of which is

.to be defrayed wholly or partly by local assessment," within the intent of the act. That referred to local improvements undertaken by the city, to be paid for by local assessments in the first instance, and not to the construction of sidewalks, curbs, and gutters, which are specially provided for in section 84 of the charter, where it is provided that it "shall be the duty of the owners and occupants of lands fronting on any of the streets or avenues in said city to construct and keep in repair the sidewalks, curbs, and gutters in front of their respective lots, in such manner, and at such times, and of such material as the common council may, by a by-law," etc., direct, and it is only in the event that the persons on whom this duty is cast fail to perform, that the city steps in and does the work, making the same a charge upon them. It is entirely a different scheme from that provided for the local improvements mentioned in sections 72, 73, and 74 of the charter, and the mere fact that the common council did not direct the laying of gutters, curbs, and sidewalks until petitioned by residents did not limit the powers of the common council under the provisions of section 84. The resolution of June 16th having been passed lawfully, and the work not having been undertaken until after the relator had permitted the 30 days to expire in which she was called upon to do the work, there is no merit in the contention of the relator in this regard.

The other objections urged hinge largely upon the theory which we have seen to be without force, and we are clearly of the opinion that the relator, having stood by and watched this work proceed, without taking any steps to prevent it, is not in a position to urge to-day that it has been unlawfully done. She holds her property subject to the right of the community to impose those reasonable burdens commonly accepted by the residents of municipalities, and she is asked to pay only the cost of doing the work which it was her duty to do, with the incidental cost of collecting the same. To permit highly technical objections to override the obvious justice of requiring the relator to pay her portion of the cost of doing the work which it was her duty to do would be to exalt form over substance, and to work a wrong.

There has been a substantial compliance with the provisions of the statute, and the writ should be vacated and the proceeding dismissed, with costs. All concur.