## CHERRINGTON v. BURCHELL et al.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED PRINCIPAL—ELECTION.

   A broker, who sold realty under the belief that it was owned by defendant, upon learning that defendant only acted as the agent of his wife, who owned the land, in procuring its sale, was bound to elect whether he should hold defendant for failure to disclose his agency, or hold the wife for the acts of defendant as her agent, and could not sue them both for commissions.

   [Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 145.*]

2. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED PRINCIPAL—APPLICATION OF RULE—NEGOTIABLE INSTRUMENTS.

   The doctrine as to the liability of an undisclosed principal does not apply to negotiable instruments executed by an undisclosed principal.

   [Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 145.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Arthur W. Cherrington against Kate Burchell and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. &·Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Samuel Fine, for appellants.
William Adams Robinson, for respondent.

CARR, J. This is an appeal from a judgment of the Municipal Court in favor of the plaintiff against both defendants. The action was brought to recover for the value of the plaintiff's services as a real estate agent in negotiating the sale of real property. The contract upon which he sues was made between him and the defendant Arthur Burchell. Burchell claimed to own the property, and apparently acted as a principal in making the contract. Before this action was brought, the plaintiff discovered that the property in question was owned by Burchell's wife. Nevertheless, he made both parties defendants, and proceeded against them jointly. At the trial it appeared that Burchell was acting as agent for his wife, though he had failed to disclose that fact to the plaintiff when he made the contract of brokerage. Judgment was entered in favor of the plaintiff against both defendants.

[1] There was no proof, and there is no claim, that Mrs. Burchell ever directly had any dealings whatever with the plaintiff. If she is to be held liable, it must be because her husband was her agent. If the husband is to be held liable, it must be because he failed to disclose the name of his principal. The plaintiff had the duty to elect, after he obtained knowledge of the situation, whether he would hold the husband for the failure to disclose the principal, or whether he would hold the wife for the act of the agent. The rule applicable to this situation is stated in Tuthill v. Wilson, 90 N. Y. 423, 428, as follows:

"The vendor could not enforce his claim against both the principal, when discovered, and the agents, who contracted in his behalf. Granting that each was liable, both were not; for both could not be at one and the same time, since the contract could not be the personal contract of the agents, and yet not their contract, but that of the principal. The vendor had a choice, and was put to his election. Meeker v. Claghorn, 44 N. Y. 351; Addison v. Gandassequi, 4 Taunt. 574; Curtis v. Williamson, L. R. 10 Q. B. 37. The rule is well stated in Leake's Digest, 503, 504, that 'if, after discovery of the principal, the creditor elect to hold the agent liable, and act accordingly in a manner to affect the principal, he would be precluded from afterward charging the principal. He has the right of election as to which of them he will hold responsible; but, having once made an election, he is bound by it.'"

In the case at bar, the plaintiff has made no election, as he has sued both principal and agent jointly and taken judgment against both. It was declared in Weil v. Raymond, 142 Mass. 206, 215, 7 N. E. 860, 866, in relation to an action where both the agent and the "undisclosed principal" were made parties defendant, as follows:

"But the plaintiff cannot, upon the facts shown, maintain a suit against both jointly as his debtors, either at law or in equity. In bringing or in prosecuting a suit, he must elect whether he will take George J. Raymond or his wife as his debtor, and he cannot make both principal and agent defendants in one suit, whether he charges them conjunctively or alternatively."

Likewise it was held in Pittsburgh Plate Glass Co. v. Roquemore (Tex. Civ. App.) 88 S. W. 449, in an action where both the agent and the "undisclosed principal" were parties defendant, that the plaintiff must elect against which party defendant it would ask judgment. While there are numerous authorities that a debtor will not be held to have made an election in favor of the principal, where he has proceeded against the agent without full knowledge of the facts, yet the weight of authority, both in England and in this country, is that where an election has been made with full knowledge of the facts it is controlling, and that where the facts are known there is a duty to elect.

The case of First Nat. Bank v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382, affirmed 156 N. Y. 663, 50 N. E. 1117, may seem to be to the contrary. In that case it was said that neither the agent nor the undisclosed principal could be discharged by anything short of a satisfaction of the debt by either. While the judgment in that case in favor of the plaintiff, the debtor, was affirmed on appeal, no opinion was written by the Court of Appeals, and hence the affirmance of the judgment did not necessarily mean an approval of the opinion of the court below. Rogers v. Decker, 131 N. Y. 490, 30 N. E. 571.

[2] That action was brought to charge certain defendants, on a promissory note executed by them in form as principals. A former action had been brought to charge a corporation on the same note, on the claim that the signers of the note were in fact agents for the corporation as an undisclosed principal. This former action did not constitute an election, for the reason that the corporation, as an undisclosed principal, was not liable on a negotiable instrument executed by other parties in form as principals, as in this state, at least, a special rule exists as to negotiable instruments, under which the doctrine as to an "undisclosed principal" does not apply. Ranger v. Thalmann, 84 App. Div. 341, 82 N. Y. Supp. 846, affirmed on opinion below 178 N. Y. 574, 70 N. E. 1108. This being so, there was no duty to elect on the part of the plaintiff.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.