(80 Misc. Rep. 132.)

## ROBISON et al. v. BASS.

(City Court of New York, Trial Term. March, 1913.)

1. PRINCIPAL AND AGENT (§ 146*)—ACTION AGAINST—REMEDIES—SALES.

An action for the price of goods sold cannot be maintained against both the agent of an undisclosed principal and against the principal after disclosure; but the seller must elect between them.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 521–527; Dec. Dig. § 146.*]

2. ELECTION OF REMEDIES (§ 3*)—ACTION AGAINST AGENT.

Where a seller with full knowledge of the facts elects to bring his action for the price of goods sold against the agent rather than the principal, he is bound by such election.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

3. HUSBAND AND WIFE (§ 235*)—ACTION FOR PRICE—QUESTION FOR JURY—EVIDENCE—PRINCIPAL AND AGENT.

Where, in an action against a merchant's wife for the price of goods bought by the husband, the evidence showed that he was acting as his wife's agent, and that he so informed the plaintiff's salesman, and that judgment was taken against him for the debt in an action in which he made no defense, and plaintiff testified that, when he sued the husband, he had forgotten that the husband was acting as his wife's agent, the question whether credit was extended to the husband or to the wife should have been submitted to the jury; the plaintiff in such case not being deemed as a matter of law to have made an election, in view of his claim of a mistake and misapprehension of the facts.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 494; Dec. Dig. § 235.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Louis Robison and others against Lena Bass. Motion to set aside a verdict directed for defendant subject to the opinion of the court. Motion granted.

Eugene Cohn and Julius Levy, both of New York City, for plaintiffs.

Max Monfried, of New York City, for defendant.

GREEN, J. This is a motion to set aside a verdict directed in favor of the defendant, subject to the opinion of the court, under section 1185 of the Code of Civil Procedure. The action is for goods sold and delivered, and the defense interposed is substantially that the plaintiffs, prior to the commencement of this action, sued the agent of the defendant with knowledge of his agency at the time and obtained judgment against him. This judgment remains unpaid.

The facts presented in this case, in an action for goods sold and delivered, where the principles of law applicable between principal and agent and undisclosed principal usually arise, are out of the ordinary. The defendant, Lena Bass, was the wife of one Edward Bass. Defendant was the owner of the factory at which the merchandise was delivered, and it was used in her business. This business was conducted by her husband as her manager, and he negotiated the various purchases from plaintiffs. *In the beginning* merchandise was purchased *on the husband's credit,* although the business, from the time of all the deliveries of merchandise in suit, had been the property of the wife. Shortly *before the first bill of goods now in question was purchased, defendant's husband told plaintiffs' salesman that the business stood in the name of the wife* because there were judgments against the husband which he did not care to pay, and it is conceded that this fact was communicated to Mr. Louis Robison, one of the plaintiffs in this action. The account, however, was continued in the original form, and bills were charged to and paid by the husband. In November the plaintiffs demanded payment of their money from the husband, and, the bills remaining unpaid, they commenced an action against the husband, in which action he failed to appear and a judgment for the full amount was obtained. The plaintiffs now claim that:

"At the time of the commencement of this action, plaintiffs were misled by the entries in their own books, and were under the impression that the husband was the only responsible party."

At the time that the action was commenced against the husband and proceeded with to judgment, the plaintiff testified that he had forgotten the information which his salesman had communicated to him, and that that information was not then in his mind, and I am satisfied from the evidence of the truth of that statement. He testified further that it only recurred to him when, after execution was issued to the sheriff, the claim was made that the business belonged to the wife. The question now arises as to what legal principle governs the facts in this case. If it be a case of a disclosed principal and credit was given exclusively to the agent, then plaintiff, having elected to pursue the agent, cannot maintain this action. If it be a case of a

disclosed principal and credit was not exclusively given to the agent, and the vendor honestly forgot the fact of the disclosure when he sued the agent, can he be held to have made an election in law to hold the agent without a full knowledge of all the facts at the time? And, further, is not this a case which, from the facts, may be termed a border line case and not within one principle nor the other, and such as to present a question to be decided upon the theory only as to which person credit was extended? And necessarily, in case the last proposition be decided in the affirmative, was it not a question for the jury? I have examined all the authorities submitted by counsel with great care, and a long dissertation upon the general principles of law applicable to the relations of principal and agent would serve no useful purpose in this case. I will, however, state briefly two well-accepted propositions.

[1] It is well settled beyond controversy in this state that a vendor cannot sue both the agent and the undisclosed principal when the principal is disclosed. As was said in the case of Tuthill v. Wilson, 90 N. Y. 423–428:

"The vendor could not enforce his claim against both the principal when discovered and the agents who contracted in his behalf. Granting that each was liable, both were not. * * * The vendor had a choice and was put to his election. * * * He has the right of election as to which of them he will hold responsible, but having once made an election he is bound by it."

See, also, Cherrington v. Burchell, 147 App. Div. 16, 131 N. Y. Supp. 631; Meeker v. Claghorn, 44 N. Y. 349.

[2] The law is equally well settled that, where an election is made with full knowledge of the facts, it is controlling, and that where the facts are known there is a duty to elect. Cherrington v. Burchell, supra.

[3] If either of these two principles controlled the facts in the case at bar, the matter was properly disposed of by the direction of a verdict in defendant's favor upon the trial, but I am now of the opinion that the real question involved is, Was exclusive credit given to the agent? and that that question should have been submitted to the jury. As was said in the case of Maryland Coal Co. v. Edwards, 4 Hun, 432, 435, a case somewhat similar to the one at bar:

"The statement to plaintiff's salesman that the coal was bought for the father of J. H. Edwards (one of the agents) was a disclosure of the principal. It indicated clearly who the principal was, and gave every opportunity of inquiry necessary to ascertain his full name, credit, and residence. The case does not, therefore, come strictly within the authorities touching undisclosed principals. It stands upon the question whether exclusive credit was given to the agents."

So, while in the case at bar the evidence disclosed the fact that the husband was acting as the agent for his wife, having told plaintiffs' salesman that fact, and he was subsequently sued for the debt and made no defense, I am of the opinion that, in view of the plaintiff's sworn statement that when he sued the husband he had forgotten the fact that he stated he was acting as his wife's agent, a question of fact was presented as to whom credit was given, which should have been presented to the jury, and that plaintiff cannot as a matter of law be

deemed to have made an election when he claimed a mistake and a misapprehension of the facts. I do not believe, however, that I would be acting justly in awarding judgment to the plaintiffs, notwithstanding the fact that this cause was submitted under section 1185 of the Code of Civil Procedure, in view of the fact that both counsel were actually invited by the court to make the motions for a direction of a verdict in order to expedite the decision upon questions of law. I believed at the trial that no question of facts would arise. I find, however, that they now arise, and they ought to be disposed of by a jury and not by the court. The motion to set aside the verdict and for a new trial is therefore granted, without costs.

Motion granted, without costs.