(159 App. Div. 344)

### IDEAL CONCRETE MACHINERY CO. v. NATIONAL PARK BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  December 5, 1913.)

ELECTION OF REMEDIES (§ 3*)—FILING CLAIM IN BANKRUPTCY—EFFECT.

Plaintiff, a foreign corporation, delivered to an export company certain machinery to be exported, and to collect $5,561.78, the purchase price.  The machinery was exported, and the price collected and deposited by the export company in its own name in defendant bank, with knowledge that the money belonged to plaintiff.  Shortly thereafter, the export company was adjudged a bankrupt, and in the proceedings plaintiff filed a claim for the amount collected, which was allowed and dividends to the amount of $1,320.95 paid thereon.  *Held*, that plaintiff by filing such claim elected to treat its dealings with the export company as a sale of the machinery to it, and that such act constituted an election of remedies precluding plaintiff from subsequently recovering the deposit from defendant on the theory that the latter held the same in trust for plaintiff.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by the Ideal Concrete Machinery Company against the National Park Bank of New York.  From an order denying defendant's motion for judgment on the pleadings, it appeals.  Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Louis F. Doyle, of New York City, for appellant.
Henry C. Quinby, of New York City, for respondent.

McLAUGHLIN, J.  The complaint alleges, in substance, that the plaintiff, a foreign corporation, delivered to the New York Export & Import Company certain machinery for the purpose of having the same exported and collecting $5,561.78, the purchase price; that the machinery was exported, and the company received this amount, which it deposited on the 19th of June, 1909, in its own name with the defendant bank; that the money thus deposited belonged to the plaintiff, of which fact the defendant had knowledge when the same was made; and that the plaintiff had demanded this amount from the defendant, but it has neglected and refused to comply therewith.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The answer admits that at the time stated the export company deposited with defendant a sum in excess of $5,561.78, but denies the material allegations of the complaint upon which a recovery is based, and specifically denies that it at any time knew that the amount deposited, or any part thereof, belonged to the plaintiff. As a separate and distinct defense, the answer then sets up that on the 24th of July, 1909, the export company was adjudicated a bankrupt by the United States District Court for the Southern District of New York, and thereafter, in the proceedings in bankruptcy, the plaintiff duly filed with the referee a claim for $5,561.78 as the price or value of the machinery referred to in the second paragraph of the complaint; that it was alleged in the proof of claim filed in said bankruptcy proceedings that the claim therein presented arose from the sale and delivery by plaintiff to the export company, at its request, of the same machinery referred to in the complaint in this action; that in that proceeding, by reason of the claim filed and the proof made, the plaintiff received and accepted from the bankrupt's estate dividends upon said claim amounting to $1,320.95, with full knowledge of all the facts concerning the transaction between itself and the export company in regard to said machinery; and that thereby the plaintiff elected to treat the dealings between itself and the export company as a sale of the machinery in question.

To this separate and distinct defense the plaintiff, by order of the court, served a reply in which it stated that for the purpose of exporting the machinery and collecting the purchase price the invoice was made out in the name of the export company; that when the export company was declared a bankrupt the plaintiff filed a claim against it for the purchase price of the machinery; and that it received on such claim, from the bankrupt's estate, the sum of $1,320.95.

After issue had been joined by the service of the answer and reply thereto, defendant moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was denied, and it appeals.

It may be conceded that at the time the export company was adjudicated a bankrupt the plaintiff had the right to elect whether it would treat the transaction relating to the machinery as a sale to the export company and prove its claim for the purchase price in the bankruptcy proceeding, or as a consignment of machinery to the export company for the purpose only of exporting the same and collecting the purchase price, in which case the proceeds could be followed and recovered from one who received the same with knowledge of plaintiff's rights; in other words, it had a choice of two remedies based upon different and inconsistent theories of its position: (a) To file a proof of claim in the bankruptcy proceeding for the purchase price of the machinery on the ground that title thereto passed to the export company; or (b) proceed against the bank on the ground that title did not pass to the export company and when it accepted the deposit it did so with full knowledge that the money belonged to the plaintiff. Having this choice of remedies, the plaintiff, with full knowledge of all facts, elected to regard the transaction as a sale of the machinery to

the export company. It so treated the transaction when it filed its claim with the referee and offered proof to establish it. This, in legal effect, was the same as bringing an action against the export company to recover a judgment for the amount of the purchase price, and when the claim was allowed in the bankruptcy proceeding that was a legal adjudication that the machinery had been sold to the export company, and the plaintiff was entitled to recover from it, by reason thereof, the amount for which the claim was allowed. This election, as it seems to me, was conclusive and binding upon the plaintiff and estopped it from thereafter asserting that the machinery had not been sold, but remained its own property.

The rule, as I understand it, is that where a party has two or more methods of redress based upon inconsistent theories, either in the form of the forum of procedure, or in the personality of the parties to the several proceedings, then he is put to his election, and his choice of either is a bar to his resort to the other. Bank of Beloit v. Beale, 34 N. Y. 473; Conrow v. Little, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693; Blinn v. Schwarz, 63 App. Div. 25, 71 N. Y. Supp. 343, affirmed 177 N. Y. 252, 69 N. E. 542, 101 Am. St. Rep. 806; Deitz v. Field, 10 App. Div. 425, 41 N. Y. Supp. 1087.

So, in the present case, plaintiff had its election to make a claim against the bankrupt's estate for the money due to it upon a sale of the machinery, or to follow the proceeds on the theory that title to the machinery did not pass to the export company and for that reason the proceeds were the property of the plaintiff. It chose the former alternative, and this election, in my opinion, under the authorities cited, prevents it from maintaining this action.

If the conclusion is right, it follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion for judgment granted, with $10 costs.

INGRAHAM, P. J., and DOWLING and HOTCHKISS, JJ., concur. LAUGHLIN, J., dissents.