(173 App. Div. 809)

## GEORGI v. TEXAS CO.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. PRINCIPAL AND AGENT ⟨⇒⟩145(4)—RELATIONS WITH THIRD PERSONS—REMEDIES OF PARTIES—ELECTION.

Where a creditor has taken judgment and filed proof in bankruptcy against an agent, this does not constitute an election to hold the agent and to release the undisclosed principal, unless the creditor had full knowledge of the relation at the time of taking his proceedings.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 499; Dec. Dig. ⟨⇒⟩145(4).]

2. PRINCIPAL AND AGENT ⟨⇒⟩145(4)—RELATIONS WITH THIRD PERSONS—REMEDIES OF PARTIES—ELECTION.

Where, in the course of an action, it is brought out that defendant in the transaction in controversy is an agent of a hitherto undisclosed principal, and thereupon the claim is presented to the principal, who replies that any agreement with the agent to pay the claim in question was in consideration of an undertaking by the agent which has not been observed, such reply, being evasive and tending to throw doubt on the existence of the relation, prevented the taking of judgment by plaintiff and the presentation of a claim in bankruptcy against the agent from oper-

ating as an election to hold the agent and release the undisclosed principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 499; Dec. Dig. ☞145(4).]

McLaughlin and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Alfred F. Georgi against the Texas Company. From a judgment for plaintiff on a directed verdict, and from an order denying a new trial on the minutes, defendant appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

James L. Nesbitt, of New York City, for appellant.
Nathan D. Stern, of New York City, for respondent.

PAGE, J. The sole question in this case is whether the defendant, the Texas Company, can be held as an undisclosed principal of the American Oilcloth Company in the business transacted with the plaintiff. The plaintiff brought an action against the American Oilcloth Company, and prior to entering judgment the information was placed before them that the Texas Company was their undisclosed principal. Thereupon the attorney for the plaintiff wrote to the Texas Company demanding payment and threatening to commence suit. Thereupon the attorney for the Texas Company, to whom the letter had been referred, answered:

"Any agreement which the Texas Company may have made with American Oilcloth Company to pay invoices of Standard Paint Company was in consideration of an undertaking by American Oilcloth Company which has not been observed. The Texas Company, therefore, cannot entertain the claim of your client."

[1, 2] After the receipt of this letter the plaintiff entered judgment against the American Oilcloth Company, and thereafter filed a proof in bankruptcy against it. It is argued by the appellant that, having proceeded to enter judgment and to strive to enforce the claim through the bankruptcy court, the plaintiff has shown an election to hold the agent and to release the undisclosed principal. I do not so understand the law. An election can only be predicated upon full knowledge, and the letter of the attorney of the Texas Company is, to say the least, evasive, and tends to create the impression that there was some agreement to pay bills for the American Oilcloth Company in consideration of some undertaking on the part of the American Oilcloth Company which had not been observed; that is, that the transaction was not that of principal and agent, but rested on some other agreements between the parties.

I do not think that, where the party has sought to throw doubt upon the existence of the relation, he can thereafter come into court and claim that the party had full knowledge. If they desired to compel the plaintiff to elect, they should have supplied him with full knowledge of the facts.

It is not necessary in this case to enter upon a consideration of the vexed question whether the recovery of a judgment against the agent

with knowledge of the existence of the principal would constitute an election to hold the agent and discharge the principal (Cherrington v. Burchell, 147 App. Div. 16, 131 N. Y. Supp. 631), or whether the principal would only be discharged by a satisfaction of the debt (Beymer v. Bonsall, 79 Pa. 298; Cobb v. Knapp, 71 N. Y. 348, 352, 27 Am. Rep. 51; First National Bank v. Wallis, 84 Hun, 376, 379, 32 N. Y. Supp. 382; affirmed Id., 156 N. Y. 663, 50 N. E. 1117; Tew v. Wolfsohn, 77 App. Div. 454, 457, 79 N. Y. Supp. 286; Meehen on Agency [2d Ed.] § 1759). In the instant case it was not shown that the plaintiff had such knowledge as would put him to his election. It was shown upon the trial that the defendant was the principal of the American Oilcloth Company.

The judgment and order should be affirmed, with costs.

CLARKE, P. J., and SMITH, J., concur.

McLAUGHLIN, J. (dissenting). Action to recover from the appellant, as an undisclosed principal, the purchase price of certain merchandise sold to the American Oilcloth Company by the plaintiff's assignor, the Standard Paint Company. The plaintiff's assignor elected, prior to bringing this action, to hold the oilcloth company for the purchase price. The facts are not disputed. The paint company, on the 25th of July, 1914, commenced an action against the oilcloth company, in New Jersey, to recover the purchase price of the merchandise in question. An answer was interposed by the oilcloth company, which set up that the merchandise for which the recovery was sought was ordered by the oilcloth company as agent for this appellant. After the action had been commenced, the attorneys for the paint company wrote the appellant that a claim for the purchase price of the merchandise had been placed in their hands for collection, and inasmuch as it was an undisclosed principal, of which fact they had just become aware, they should look to it for payment of the bill, and, if not paid, action would be commenced. In this letter reference was made to a letter of the appellant to the oilcloth company, directing it to purchase the merchandise. In the answer to this letter the appellant did not dispute the statement that the oilcloth company, in making the purchase, acted as its agent, or that it was an undisclosed principal in that transaction. All that it did was to state that any agreement which it had with the oilcloth company "to pay invoices of Standard Paint Company was in consideration of an undertaking by American Oilcloth Company, which has not been observed," and for that reason the claim would not be entertained. Had the appellant been sued for the purchase price of the merchandise and pleaded the facts set out in this letter, it would not have constituted a defense, since the agency of the paint company was admitted.

Judgment was entered in the New Jersey action on the 13th of October, 1914, upon which execution was issued and returned unsatisfied on the 24th of the same month. On the 11th of March, 1915, the oilcloth company in the meantime having gone into bankruptcy, the paint company filed a claim in the bankruptcy proceeding against the bank-

rupt, which consisted of the judgment referred to. The fact is not disputed that a recovery is here sought upon the same cause of action that judgment was rendered in that action. Thereafter, October 29, 1915, this action was commenced against the appellant. At the conclusion of the trial the defendant moved to dismiss the complaint. The motion was denied and an exception taken, and then the motion made by plaintiff's attorney to direct a verdict was granted and an exception also taken. Judgment was entered upon the verdict, from which, and an order denying a motion for a new trial, this appeal is taken.

I am of the opinion that the judgment should be reversed and the complaint dismissed. The plaintiff's assignor—and the plaintiff stands in no better position than it would—had knowledge, prior to the time it took a judgment against the oilcloth company, that in making the purchase it did so for the appellant, which was the principal in that transaction. Having this knowledge, it was put to an election whether it would take a judgment against the agent or the principal. It could not enforce its claim against both. When it took a judgment against the oilcloth company—or, if not, then certainly when it filed a claim for the judgment in the bankruptcy proceeding—it conclusively elected to hold the agent and not the principal. The rule is tersely stated in Tuthill v. Wilson, 90 N. Y. 423. It is:

"The vendor could not enforce his claim against both the principal, when discovered, and the agents who contracted in his behalf. Granting that each was liable, both were not, for both could not be at one and the same time, since the contract could not be the personal contract of the agents, and yet not their contract, but that of the principal. The vendor had a choice and was put to his election [citing cases]. The rule is well stated in Leake's Digest, 503, 504, that 'if, after discovery of the principal, the creditor elect to hold the agent liable, and act accordingly in a manner to affect the principal, he would be precluded from afterward charging the principal. He has the right of election as to which of them he will hold responsible, but, having once made an election, he is bound by it.'"

Kingsley v. Davis, 104 Mass. 178, is directly in point. There an action was brought against an agent for the same cause of action upon which an action was subsequently brought against the principal. The agent made default in answering, and judgment was rendered against him, execution issued, and returned unsatisfied. It was held:

"That this was conclusive evidence of an election to resort to the agent to whom the credit was originally given and is a bar to this action against the principal."

See, also, Ideal Concrete Co. v. National Park Bank, 159 App. Div. 344, 145 N. Y. Supp. 119; Weil v. Raymond, 142 Mass. 206, 7 N. E. 860.

In Cherrington v. Burchell, 147 App. Div. 16, 131 N. Y. Supp. 631, a real estate broker was employed to procure a sale of real property by one claiming to be the owner. It subsequently appeared that the land was owned, not by him, but by his wife, for whom he was acting as agent. The broker brought an action against both and obtained a judgment against them. It was held that it was the broker's duty, after learning the facts, to elect whether he would hold the husband

for his commissions for failure to disclose the principal, or the wife for the acts of her agent, and, not having made this election, the judgment was reversed.

Nor do I think McLean v. Sexton, 44 App. Div. 520, 60 N. Y. Supp. 871, is in conflict with the views above expressed. In that case action was brought to foreclose a mechanic's lien, and the agent and undisclosed principal were both made parties. The defendant demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and on appeal the judgment was affirmed; the court holding that each could have been sued in a separate action, and there was no good reason why both could not be sued in the same action. It did not hold, as I read the opinion, that a judgment might be taken against both, and, if that fact is to be inferred from the opinion, then I think the decision is in conflict with the rule laid down by the Court of Appeals in Tuthill v. Wilson, supra, as well as the decision of this court in Cherrington v. Burchell, supra.

I am of the opinion, therefore, upon both principle and authority, that the judgment here appealed from should be reversed, and, there being no dispute as to the facts, the complaint should be dismissed.

SCOTT, J., concurs.