CLARRY LUMBER COMPANY, INC., Respondent, *v.* JAMES J. O'BRIEN, Appellant.

(Supreme Court, Appellate Term, Second Department, December, 1921.)

Principal and agent — undisclosed principal — election — res adjudicata — mere commencement of action against principal held not to discharge agent, but amount paid by principal must be credited.

While the commencement of an action against a disclosed principal on a contract made with its agent is some evidence of an election to hold the principal only, it is not conclusive to exonerate the agent.

The trial of an action for lumber sold and delivered, in which the main contention was as to whether in the transaction defendant acted only as agent for a building corporation, resulted in a judgment against defendant. Subsequently the plaintiff brought an action upon the same cause of action against the corporation but upon payment of a certain sum said action was settled and discontinued, and the plaintiff executed a general release of all claims against the corporation. After defendant's motion for a new trial, on the ground of newly discovered evidence, had been granted, he was permitted to amend his answer so as to plead, as separate defenses, payment, accord and satisfaction and *res adjudicata*. Upon the new trial it

Appellate Term, Second Department, December, 1921.    [Vol. 117.

appeared that not until after the first trial did plaintiff know that the corporation was the principal, and the court found as a fact that at the time of the purchase of the lumber defendant was not acting as agent. *Held,* on appeal from the judgment rendered in favor of plaintiff for the full amount claimed, that the judgment should be modified by reducing the same in the sum received by plaintiff upon the settlement of his action against the corporation, and as so modified, affirmed.

APPEAL from a judgment in favor of the plaintiff, after a trial in the Municipal Court of the city of New York, borough of Queens, first district.  The action was for goods sold and delivered, consisting of lumber to the agreed value of $211.87.

Judson D. Campbell, for appellant.

Israel Siegel, for respondent.

KELBY, J.  This appears to have been the second trial of the action between the parties, and the first trial also resulted in a judgment against the defendant.  The main contention on this appeal and on the former trial is that the defendant acted as agent only for a corporation known as the Academy-Astoria Corporation.  It appears to be conceded that this corporation was erecting some houses in the borough of Queens, and that O'Brien, the defendant, was their superintendent of construction.  After the first trial the defendant and the plaintiff's attorney, it appears, had a conversation concerning the defendant's alleged agency for the Academy-Astoria Corporation, part of the conversation being, as alleged by the defendant, that the plaintiff's attorney agreed that he would sue the Academy-Astoria Corporation as principal, and if he collected the judgment that the existing judgment against the defendant O'Brien would be satisfied of record.  Subsequently, the plain-

tiff did commence an action against the Academy-Astoria Corporation, but did not prosecute it to judgment, but on payment of the sum of $115 by the Academy-Astoria Corporation to the plaintiff the action was settled and discontinued, and the plaintiff gave a general release of all claims against the Academy-Astoria Corporation. The settlement of this action against the Academy-Astoria Corporation was subsequent in time to the entry of judgment against the defendant O'Brien. After this settlement the defendant moved for a new trial on the ground of newly discovered evidence. This motion was opposed, but the motion was granted, and at the commencement of this trial, which is now under review, the defendant was permitted to amend his answer so as to plead as separate defenses " payment, accord and satisfaction, and *res adjudicata.*"

It is not disputed that the defendant originally bought lumber of the value of $343.87 from the plaintiff, and that a credit of $132 has been allowed thereon for return of some of the lumber. The plaintiff's president, Mr. Clarry, testified that the defendant at the time of ordering the lumber did not mention that he was the agent for any corporation, and that plaintiff never heard of any corporation until four months later; that would be in December, 1919. At that time, the witness said, the defendant O'Brien told him that he (O'Brien) was suing the Academy-Astoria Corporation, and that he had a lien and suggested "that the plaintiff go in on the property also." The witness told O'Brien that he could not do so because the time within which to file a lien had expired. Presumably both parties were speaking of a materialman's lien for furnishing material on a job owned by the corporation. The witness continued: " O'Brien suggested that I write to Mr. Jones (attorney for the

**21**

Academy-Astoria Corporation), and he gave me his name and address, and said that probably Jones would settle the case.''

Mr. Jones, the attorney for the corporation, testified that when the corporation was sued he authorized the settlement of the action to save the time and trouble to go to court, notwithstanding the fact that he believed the corporation had a defense against the claim; the defense being that while O'Brien was acting as an agent for them he exceeded his authority in buying the lumber; that he had no authority to buy any materials, and that the defendant's sole duties were to superintend the construction.

The trial court found that the defendant was not acting as agent at the time of the purchase of the lumber from the plaintiff.

The authorities are quite confusing as to the rights of a third person to sue both the agent and the principal when the third person learns who the principal is. It is the contention of the defendant that when the plaintiff sued the Academy-Astoria Corporation and subsequently settled the action that was an election to hold the principal, and that this election operated to discharge the defendant from any claim concerning the lumber. The respondent contends that the mere commencement of a suit, not followed by the entry of judgment against the principal and satisfaction of the claim, does not operate as a discharge or satisfaction of the claim against the agent.

In the case of *Georgi* v. *Texas Company,* 225 N. Y. 410, it was held that '' The question of election implies full knowledge of the facts necessary to enable a party to make an intelligent and deliberate choice.'' In that particular case the plaintiff came into full and complete knowledge of all of the facts in the case and brought suit against the agent. The plaintiff

even had the original order of the undisclosed principal in writing authorizing the agent in that case to make purchases on behalf of the Texas Company, the undisclosed principal. In spite of this full knowledge the plaintiff prosecuted the claim against the agent to judgment and subsequently, when the agent became insolvent, filed a claim in bankruptcy against the insolvent agent. This prosecuting to judgment and filing of claim was held to be conclusive of a voluntary election by the plaintiff to hold the agent alone. In that case, however, the knowledge of the plaintiff was complete. It does not follow, however, that a plaintiff is required to make an election at his peril where he has no conclusive knowledge of all the facts, nor is he in my opinion compelled to determine an issue of fact as to the truthfulness of information concerning the agency at his own peril.

In the case of *Cherrington* v. *Burchell,* 147 App. Div. 16, it was held that the plaintiff could not sue the agent and a disclosed principal and recover judgment against both, but he must elect to hold one or the other, and the case of *Tuthill* v. *Wilson,* 90 N. Y. 423, 428, was cited as authority. In the latter case the Court of Appeals said: " The vendor could not enforce his claim against both the principal when discovered and the agents who contracted in his behalf. Granting that each was liable, both were not, for both could not be at one and the same time, since the contract could not be the personal contract of the agents, and yet not their contract but that of the principal. The vendor had a choice and was put to his election. (*Meeker* v. *Claghorn,* 44 N. Y. 351, and citing other cases). The rule is well stated in Leake's Digest, 503-4, that ' if, after discovery of the principal, the creditor elect to hold the agent liable, and act accordingly in a manner to affect the principal, he

Appellate Term, Second Department, December, 1921.     [Vol. 117.

would be precluded from afterward charging the principal. He has the right of election as to which of them he will hold responsible, but having once made an election is bound by it.' "

On the other hand it has been held by some courts that changing the form of the agent's obligation by putting it into a condition in which it can be readily enforced, like a judgment, is not inconsistent with an intention to proceed against the principal also. That nothing short of satisfaction of the judgment against the agent would then release the principal as a matter of law. See Meacham Agency, § 1759; citing *Beymer* v. *Bonsall,* 79 Penn. 298. This was said to have been the rule in the case of *McLean* v. *Sexton,* 44 App. Div. 520; *Tew* v. *Wolfsohn,* 77 id. 454. The ruling in these last two cases is largely on the approval of the principle in *Beymer* v. *Bonsall, supra,* and is to be found in *Cobb* v. *Knapp,* 71 N. Y. 348, and *First National Bank* v. *Wallis,* 84 Hun, 376. These two latter cases are not directly in point, but approve of the case of *Beymer* v. *Bonsall, supra.* The case of *Beymer* v. *Bonsall* is disapproved in *Barrell* v. *Newby,* 62 C. C. A. 382; 127 Fed. Repr. 656.

The outstanding fact in this case is that the plaintiff has consistently sought to hold the agent, and that it has prosecuted its claim to judgment twice. It has never prosecuted its claim against the Academy-Astoria Corporation to judgment. And it further appears that the plaintiff did not know the identity of the principal until after the first trial of the action. No case has been pointed out to this court where it has been held as a matter of law that the mere commencement of an action against a disclosed principal is an election to hold the principal only and exonerates the agent. It may be some evidence of the fact of election, but it is not at all conclusive. The com-

promise of the plaintiff with the Academy-Astoria Corporation does not operate, as a matter of law, to release the agent. In good conscience, however, the plaintiff cannot be allowed to get a judgment for the full amount against this defendant, but must credit the defendant with °the $115 already admittedly received from the Academy-Astoria Corporation on the same sale of lumber.

The judgment appealed from is, therefore, modified by reducing the recovery from the sum of $211.87 to $96.87, and, as thus modified, affirmed, with appropriate costs in the court below and without costs of this appeal.

CROPSEY and LAZANSKY, JJ., concur.

Judgment modified, and as modified, affirmed.