GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v. ASSOCIATES DISCOUNT CORPORATION, Appellant.— Judgment and order of Onondaga County Court and judgment of Municipal Court of City of Syracuse reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: On August 18, 1937, the plaintiff filed in the office of the Secretary of State at Albany, New York, a " Statement of Trust Receipt Financing " giving notice that it expected to be engaged in financing under trust receipt transactions R. H. New, the trustee, in respect to certain new Pontiac automobiles, at his place of business in Clayton, New York. The agreement was signed by the plaintiff and New on May 11, 1937. In December, 1937, the plaintiff intrusted to R. H. New, under a written trust receipt agreement, four new Pontiac cars and took R. H. New's note for $2,731.44, being the price fixed on the cars by the parties. The cars were intrusted to R. H. New under the so-called floor plan method " for

the purpose of storing and exhibiting the same preliminary to and in procuring the sale thereof ". The title to the cars remained in the plaintiff and R. H. New had no right to sell the cars without the plaintiff's consent. On March 28, 1938, without the consent of the plaintiff, R. H. New sold one of the Pontiacs to a Mrs. Christy, taking a used car in trade. The deal was financed through the defendant. On April 19, 1938, R. H. New delivered to the plaintiff, his check for $685.69 in payment of the balance due and unpaid on said $2,731.44 note. Payment on the check was refused for insufficient funds. On receipt of the check the plaintiff marked the note paid and returned it to R. H. New. While plaintiff was endeavoring to regain possession of the note, R. H. New died. On August ·13, 1938, the plaintiff presented a claim for $685.69, the balance due on the note, to the representatives of R. H. New's estate, and in the claim the plaintiff claimed a right of priority under its trust receipt contract, thus indicating that its claim was based on the contract and the note and not in conversion. The estate declared a small dividend of $67.50 and the plaintiff accepted the same and applied it on the debt. The plaintiff then brought this action charging the defendant, among other claims, with conversion. The defendant answered alleging that the plaintiff had elected to sue the New estate and was therefore barred and estopped from maintaining this action. From the judgment for the plaintiff in conversion the defendant appealed to the County Court, where the judgment was affirmed. From the judgment of affirmance the plaintiff has appealed to this court. When the plaintiff presented its claim to the representatives of the New estate and received from them a dividend thereon, it was fully aware that the defendant with full knowledge of the plaintiff's rights, had financed the deal between R. H. New and Mrs. Christy and the deal between R. H. New and Mr. Livingston involving the used car and, notwithstanding that fact, it elected to ratify the sales of the Pontiac and the used car by R. H. New and to proceed against his estate to recover the balance unpaid on the $2,731.44 note. Upon the dishonor of R. H. New's check and upon his death, the plaintiff had at least two inconsistent remedies, namely (a) either to ratify New's acts in the sale of the cars and to present a claim against New's estate for the balance unpaid upon the note or (b) to proceed against New's estate and the defendant, or either, in conversion. Having elected to ratify New's acts and to proceed against his estate on contract, the plaintiff is barred from maintaining this action in conversion. (*Ideal Concrete Machinery Co.* v. *Nat. Park Bank,* 159 App. Div. 344, 346, 347; *Georgi* v. *Texas Co.,* 225 N. Y. 410, 417.) The judgment should be reversed and the complaint should be dismissed. All concur, except McCurn, J., who dissents and votes for affirmance, and Larkin, J., not voting. (The judgment affirms a judgment of the Syracuse Municipal Court in favor of plaintiff in an action in conversion.) Present — Cunningham, P. J., Dowling, Harris, McCurn and Larkin, JJ. [See 268 App. Div. 820.]